WELLS *v.* NEWTON, sheriff.

1. The phrase "a city court," as used in paragraph 1, section 5, article 6 of the constitution, which declares that, "In any county within which there is, or hereafter may be, a city court, the judge of said court, and of the superior court, may preside in the courts of each other in cases where

the judge of either court is disqualified to preside," refers exclusively to the city courts designated in paragraph 5, section 2 of the same article; viz., city courts from which writs of error lie to the Supreme Court.

2. It follows that the judge of a city court established upon the recommendation of a grand jury under the act of October 19, 1891, as amended by the act of December 23, 1892, has not, by virtue of the paragraph of the constitution first above mentioned, any authority to preside in a superior court, and where he attempts to do so, it is not a lawfully constituted tribunal.

3. The trial of a criminal case in a superior court with such a judge presiding is a mere nullity, and a verdict and judgment rendered therein are also nullities and should be so treated whenever judicially brought in question.

4. While such a verdict and judgment do not of themselves afford any cause for detaining in custody a person against whom they were rendered, he ought not to be discharged upon habeas corpus, if imprisoned under a bench-warrant originally issued against him in the case, but should be held until lawfully tried upon the indictment, or otherwise discharged according to law.

Argued April 16,—Decided May 7, 1897.

Habeas corpus.   Before Judge Felton.   Monroe county. May 22, 1896:

*Persons & Persons*, for plaintiff.

*O. H. B. Bloodworth, solicitor-general,* contra.

COBB, J.   Alex. Wells was indicted by the grand jury of Monroe county, for the offense of arson.   At the August term, 1894, of the superior court of that county, he was tried and convicted, but a new trial was granted by the presiding judge. At the February term, 1895, he was placed on trial a second time before Hon. Julian B. Williamson, judge of the city court of Monroe county, presiding in the superior court in place of Hon. Marcus W. Beck, the judge of that court, who was disqualified.   A second verdict of guilty was rendered, and the accused filed a motion for a new trial, which was overruled, and he excepted.   A new trial was granted by this court (*Wells* v. *State*, 97 *Ga.* 209).   At the February term, 1896, the accused was again put on trial, the judge of the city court of Monroe county presiding, and was a third time found guilty by the jury.   A motion for a new trial being made and overruled, the judgment was affirmed by this court (*Wells* v. *State*, 99 *Ga.* 206). On May 8, 1896, an application was made to the judge of the superior court of the Macon circuit for a writ of habeas corpus,

alleging that the petitioner was illegally restrained of his liberty by virtue of the judgment above referred to. It was claimed that Judge Williamson had no lawful authority to preside in the superior court, and that the trial was nugatory and the judgment a nullity. The sheriff answered the writ of habeas corpus, and set up the facts above set forth, and in addition thereto that the respondent had in his hands a bench-warrant,. which was issued upon the indictment against the accused. Upon the return of the writ on May 22, 1896, the following order was passed : " After argument in this case, ordered that the writ of habeas corpus be and the same is hereby refused."

1, 2, 3. The phrase " city court" appears in five places in the constitution of this State : " The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors from the superior courts, and from the city courts of Atlanta and Savannah, and such other like courts as may be hereafter established in other cities. " (Art. 6, sec. 2, par. 5.) " The General Assembly may provide for an appeal from one jury, in the superior and city courts, to another, and the said courts may grant new trials on legal grounds." (Art. 6, sec. 4, par. 6.) " In any county within which there is, or hereafter may be, a city court, the judge of said court, and of the superior court, may preside in the courts of each other, in cases where the judge of either court is disqualified to preside." (Art. 6, sec. 5, par. 1.) " The right of trial by jury, except where it is otherwise provided in this Constitution, shall remain inviolate, but the General Assembly may prescribe any number, not less than five, to constitute a trial or traverse jury in courts· other than the superior and city courts." (Art. 6, sec. 18, par. 1.) " The jurisdiction, powers, proceedings and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment and decree by such courts, severally, shall be uniform. This uniformity must be established by the General Assembly. " (Art. 6, sec. 9, par. 1.) It must be presumed, therefore, that wherever the expression " city court" occurs in the constitution, it refers to

that class of courts first mentioned in the paragraph defining the jurisdiction of this court. While the General Assembly has power to establish courts and call them city courts, still they are not the city courts referred to in that clause of the constitution, unless established by the General Assembly in a city. In the case of the *Western Union Telegraph Co.* v. *Jackson*, 98 *Ga.* 207, it was held that the paragraph of the constitution relating to the jurisdiction of this court referred only to city courts established in cities, and not to city courts created under the act of October 19, 1891 (Acts 1890–91, p. 96), as amended by the act of Dec. 23, 1892 (Acts 1892, p. 107), providing for the establishment of city courts in counties, upon the recommendation of a grand jury. In the case of *Stewart* v. *The State*, 98 *Ga.* 202, it was held that the city court referred to in the paragraph which provided that new trials might be granted by city courts, belonged to that class of city courts mentioned in the paragraph of the constitution declaring the jurisdiction of this court. We therefore hold that the city court referred to in art. 6, sec. 5, par. 1, of the constitution, relating to cases where the judge of the city court may preside in the superior court, must be placed in the same class. As it appears in the record that the city court of Monroe county was established under the act of October 19, 1891, as amended by the act of Dec. 23, 1892, it follows that the judge of that court had no lawful authority to preside in any case in the superior court of Monroe county. There being no judge in that court authorized to preside therein at the time that the alleged trial took place, the case has never been tried according to law, and the whole proceeding was a nullity. No waiver, express or implied, could give to this proceeding the sanctity of a legal investigation ; and the fact that this court upon two occasions, when the right of the judge of the city court to preside was not brought in question, passed upon bills of exceptions in the case certified by him, can not be urged in order to give life to that which never had, and never could have, a legal existence. With such a judge presiding, the entire proceeding is a nullity, and will be so treated whenever judicially brought in question by the accused.

4. The verdict and judgment rendered when the judge of the city court was presiding afford no legal reason for detaining in custody the person against whom they were rendered; but as the record shows that the sheriff has the accused in custody, and has also in his hands the bench-warrant originally issued against him in the case, the judge did not err in refusing to discharge the accused upon the hearing of the habeas corpus. The accused never having been lawfully tried, he is properly in the custody of the sheriff, and should be there held until tried upon the indictment, or discharged according to law. *Judgment affirmed. All the Justices concurring.*