## GEORGIA, FLORIDA & ALABAMA RAILWAY COMPANY *v.* SASSER.

The act approved December 21, 1899 (Acts 1899, p. 48), which confers authority upon the judge of a city court to preside in another city court when the judge of the latter court is disqualified or is providentially prevented from trying the case, is not repugnant to article 6, section 5,

paragraph 1, of the constitution, which provides that "In any county within which there is, or hereafter may be, a city court, the judge of said court, and of the superior court, may preside in the courts of each other in cases where the judge of either court is disqualified to preside."

Submitted February 17,—Decided March 26, 1908.

Constitutional question, from the Court of Appeals.

*Donalson & Donalson, Pottle & Glessner,* and *F. T. Myers,* for plaintiff in error.  *Russell & Hawes,* contra.

EVANS, P. J.   The following question was certified to the Supreme Court by the Court of Appeals:  "Is the act of the General Assembly, approved December 21, 1899, purporting to confer authority upon the judge of a city court to preside in another city court when the judge of the latter court is disqualified, in conflict with paragraph one of section five of article six of the constitution of the State of Georgia, which provides that 'In any county within which there is, or hereafter may be, a city court, the judge of said court, and of the superior court, may preside in the courts of each other in cases where the judge of either court is disqualified to preside,' on the ground that said constitutional provision prescribes the exclusive method of obtaining a judge to preside in a city court in case of the disqualification of the judge thereof, and that it is not competent for the General Assembly to provide by statute another and different method ?"

The argument advanced against the constitutionality of the act of 1899 is that the word "may" in the quoted clause of the constitution should be construed "shall," and that, by the application of the maxim expressio unius est exclusio alterius, only a judge of the superior court can preside in a city court in cases where the judge of the latter court is disqualified.  The word "may" ordinarily denotes permission, and not command.  Where the word "may," as used in a statute, concerns the public interest or affects the rights of third persons, it will be construed to mean "must" or "shall." *Birdsong* v. *Brooks,* 7 *Ga.* 88; *Weems* v. *Farrell,* 33 *Ga.* 419.   The public is concerned in the prompt administration of the law, and this constitutional provision, looked at as a delegation of power, will be construed to impose a duty on judges to preside for each other in case of disqualification.   But whether the word "may" shall be construed to have the effect of excluding other superior-court judges from presiding out of their respective circuits in a

given case, or of denying the legislature the power of otherwise supplying the place of a disqualified city-court judge, depends on the ascertainment of the constitutional scheme and purpose in this respect, as revealed by the context. The constitution (Civil Code, §5839) declares that "There shall be a judge of the superior courts for each judicial circuit, whose term of office shall be four years, and until his successor is qualified. He *may* act in other circuits when authorized by law." Again, the constitution (Civil Code, §5850) provides: "The General Assembly may provide by law for the appointment of some proper person to preside in cases where the presiding judge is, from any cause, disqualified." These paragraphs and that quoted in the question propounded by the Court of Appeals (Civil Code, §5851) occur in the same article of the constitution, and are to be construed in pari materia. If article 6, section 5, paragraph 1, of the constitution, be interpreted to mean that only a judge of the superior court may preside in the city court in case of the disqualification of the city-court judge, then the judge of the city court (where there is a city court in the county where the case is pending) only could preside in the superior court where the judge of the superior court is disqualified, since the language of the constitution is that "the judge of the [city] court, and of the superior court, may preside in the courts of each other in cases where the judge of either court is disqualified to preside." We do not think that it was the purpose of the framers of our organic law to exclude a judge of the superior court of another circuit from presiding in a case where the judge of the superior court is disqualified, simply because there may exist a city court in such county. To hold this would make the other paragraphs of the constitution which we have just quoted inoperative in such a case, and limit the power of the judge of the superior court. Such could not have been the purpose of the framers of the constitution. The context very plainly shows that the authorization of a judge of a city court to preside in a particular case in the superior court, where the judge of that court is disqualified, was not to prevent a judge of the superior court from presiding out of his circuit, but to afford an additional opportunity of securing an eligible judicial officer to supply the place of the disqualified judge. See 2 Lewis' Sutherland on Stat. Cons. §640; *Continental Nat. Bank* v. *Folsom*, 78 *Ga.* 456 (3 S. E. 269). Practically the same question was before this court in

*Winter* v. *Muscogee R. Co.,* 11 *Ga.* 438. At the time that case was decided the constitution of 1798 was in force. That constitution contained no provision in terms either authorizing or forbidding a judge of the superior court to preside in courts outside of his judicial district. The statute of 1801 provided that "in all cases brought in the superior courts or any of them, where either of the judges thereof shall be a party, or interested therein, it shall be the duty of three or more of the justices of the inferior court to preside at the trial of the same." Prince's Dig. 433. The act of 1806 authorized the judges of the superior courts to alternate in their respective districts. Prince's Dig. 434. The point was made that inasmuch as the justices of the inferior court *may* preside at the trial of a case in which the judge of the superior court of the circuit for which he was elected is a party or interested therein, a judge of the superior court of another circuit *may not* preside at such trial. The court pronounced this contention to be a non sequitur, and held that a judge of the superior court of one circuit had power to hold a court in another circuit whenever the circumstances made it necessary and proper that he should do so.

While city courts modeled after the city courts of Atlanta and Savannah are recognized by the constitution, still they are statutory in their origin, and may be abolished or created at the pleasure of the legislature. The legislature is not limited by the constitution in prescribing the qualifications of the judge and its other officers. The General Assembly can provide that a city court may be held by a person other than the judge of that court, under given circumstances. *Welborne* v. *State,* 114 *Ga.* 794 (8), 823 (40 S. E. 857). While discharging the specific duties, he sustains to that court the relation of judge. The act of 1899 only undertakes to provide that the judge of one city court may preside in another city court where the judge of the latter is disqualified, or is providentially prevented from trying the case. The words "city court" are used in the act of 1899 in their constitutional sense, and apply only to city courts from which a direct bill of exceptions lies to the appellate court. *Wells* v. *Newton,* 101 *Ga.* 141 (28 S. E. 640). There is nothing in the constitution which forbids the legislature from providing for a judge to supply the contingencies named in that act. It is settled doctrine that no statute will be declared unconstitutional unless its enact-

ment is prohibited by the constitution in express terms, or by necessary implication. The conflict between the constitution and the statute must be plain and unmistakable before the courts will hold the law void on account of its repugnance. The act of 1899 is not in conflict with article 6, section 5, paragraph 1, of the constitution. *All the Justices concur.*