## *In re* WILLIAMS *et al.*

An ordinary became sick and incapacitated to discharge the duties of his office, and by reason of his condition was compelled to leave the State for a time. Before doing so he passed an order reciting such incapacity, and the fact that the judge of the city court located in such county would also be absent from the State for some time, and ordered and requested that the ordinary of an adjoining county assume his jurisdiction and discharge his duties until such incapacity should be removed, or until the further order of the court. During the absence of such ordinary, the ordinary of an adjoining county, so requested, presided for the absent ordinary—presumably in the proper county, and granted permanent letters of administration upon an estate. After the return of the first-mentioned ordinary the same parties applied to him to be appointed permanent administrators upon such estate, treating the

previous appointment as a nullity. The ordinary, and the superior court on appeal, held that the original appointment was not a nullity, and accordingly denied the second application. *Held,* that this was not error.

FEBRUARY 27, 1913.

Appeal. Before Judge Bell. Fulton superior court. November 6, 1911.

*W. C. Wright,* for plaintiffs in error.

*E. M. & G. F. Mitchell* and *J. D. Bradwell,* contra.

HILL, J. As the law was codified in the Code of 1895, the following provision was made in regard to the disqualification of an ordinary: "When any ordinary is disqualified to pass upon any matter presented to him as such ordinary, he shall indorse such disqualification upon the papers, and the ordinary of any adjoining county shall pass upon the same and certify, to the ordinary of the county where the business arose, his action in the matter, who shall record the same, and enter the proceedings on the minutes if need be. When any ordinary is disqualified to try any case or issue pending before the court of ordinary, such ordinary shall call upon the ordinary of any adjoining county to preside on the hearing of such case or issue." Code of 1895, § 4227, now embodied as a part of section 4785 of the Code of 1910. It will be seen that this consists of two parts. The first sentence makes provision, "when any ordinary is disqualified to pass upon any matter presented to him as such ordinary." In that event, it is declared that he shall indorse his disqualification upon the paper; that the ordinary of an adjoining county shall pass upon it and certify his action to the ordinary of the county where the matter originated, and the latter shall enter it of record. The second sentence provides for a different class of matters, to wit, "when any ordinary is disqualified to try any case or issue pending before the court of ordinary." In that event, it is provided that "such ordinary shall call upon the ordinary of any adjoining county to preside on the hearing of such case or issue." Thus stood the law until 1897. By the act of December 16th of that year (Acts 1897, p. 52), it was enacted that "Whenever an ordinary is disqualified to act in any cause, the county judge or city-court judge, and, if there be no such courts, then the clerk of the superior court of such ordinary's county may exercise all the jurisdiction of ordinary in such cause, and in such event it shall not be necessary for the ordinary to call in the ordi-

nary of the adjoining county." By the act of August 22, 1907 (Acts 1907, p. 106), the act of 1897 was amended so as to read as follows: "That whenever an ordinary is disqualified or from sickness or other causes is incapacitated to act in any cause, the county judge or city-court judge, and, if there be no such courts, then the clerk of the superior court of such ordinary's county may exercise all the jurisdiction of ordinary in such cause, and in such event it shall not be necessary for the ordinary to call in the ordinary of the adjoining county." The act as thus amended was incorporated in the Code of 1910, as an addition to the code section as it stood theretofore, and the whole law was made a single section, and thus adopted.

The first question which arises is whether the act of 1897 and the amendment thereto provided the exclusive method by which a cause in the court of ordinary could be tried or disposed of, so as to exclude the former provisions in regard to calling upon the ordinary of an adjoining county, in case of disqualification of the ordinary of the county where the case was pending. We hold that it did not. In the first place, the act of 1897, and the act amendatory thereof, did not purport to repeal the section of the Code of 1895. It was not so understood by the codifiers, who left the section as it stood in the Code of 1895 as a part of the Code of 1910, merely adding to that section the provisos of the acts mentioned; and in this form the Code of 1910 was adopted by the legislature. Thus we have a legislative construction that the acts were not intended to destroy the provisions of the law as it stood theretofore, or repeal the section of the Code as already existing, but to make additions thereto. Moreover, the act of 1897 as originally passed, and as amended, did not purport to provide an exclusive method of procedure; but, after saying that in the event therein provided for the officers mentioned in the act "may exercise all the jurisdiction of ordinary in such cause," added, "and in such event it shall not be necessary for the ordinary to call in the ordinary of the adjoining county." This use of the permissive word "may," and of the statement that "it shall not be necessary" to call in the ordinary of the adjoining county, strongly indicate that it was not the legislative purpose to prohibit the calling in of the ordinary of the adjoining county, but simply to give an additional or cumulative method of trying causes in the court of ordinary in the

events provided for. A strong analogy may be drawn from decisions construing somewhat similar provisions in regard to other courts. In *Winter* v. *Muscogee Railroad Co.*, 11 *Ga.* 438, the first headnote reads thus: "Where the Judge of the Superior Courts of any one of the Circuits in this State is a party to a suit, or interested therein, the Judge of any other Circuit has jurisdiction to preside at the trial of the same; notwithstanding the Justices of the Inferior Court *may* preside therein as provided by the Statute." In *Ga., Fla. & Ala. Ry. Co.* v. *Sasser*, 130 *Ga.* 394 (60 S. E. 997), it was held that an act which conferred authority upon a judge of a city court to preside in another city court when the judge of the latter court was disqualified or providentially prevented from trying the case was not repugnant to the clause of the constitution which provides that "In any county in which there is, or hereafter may be, a city court, the judge of said court, and of the superior court, may preside in the courts of each other in cases where the judge of either court is disqualified to preside." In the opinion (p. 397) it was declared that "There is nothing in the constitution which forbids the legislature from providing for a judge to supply the contingencies named in that act.

Assuming, then, that the act of 1897 as amended by that of 1907 did not repeal the existing provisions of law by which an ordinary of an adjoining county could be called in in certain cases, the next question is what construction shall be placed upon the word "disqualified," as used in the law as it now stands, with reference to calling in the ordinary of an adjoining county to try a case. Should that word, as employed in the code section, be given a strict interpretation so as to limit it to cases where there is a disqualification by reason of interest or kinship, or upon statutory grounds; or should it be given a liberal construction so as to include cases like the present, where the ordinary of the venue was absent from home for a protracted period by reason of sickness? The question is not one to be determined purely by either the grammar or the dictionary, but by the legislative intent as to the meaning in which the word was employed. From what has already been said, it will be seen that the original section of the Code of 1895 employed the word "disqualified." The purpose was to provide for the transaction of the business of the court of ordinary, and not to allow the rights of parties to suffer by reason of disqualification of

the ordinary. It was doubtless found that this provision was not sufficiently broad to meet the emergencies or occasions arising. At any rate, the legislature thought it proper to make a broader provision. By the act of 1897 they took a step forward in that direction, by providing certain additional officers who might preside for the ordinary without the necessity of calling in the ordinary from another county, but leaving the power to do so undisturbed, thus furnishing a cumulative method by which the business of that court might be transacted in the event of disqualification. The next step was that taken by the act of 1907, which amended the act of 1897 by adding to the word "disqualified" as used therein, the words "or from sickness or other causes is incapacitated." It is evident that this amendment was in the direction of extending the methods by which the business of the court of ordinary could be transacted in case of certain emergencies, and preventing it from being brought to a standstill, or caused to stagnate, to the injury of the public and the parties at interest. Then the act of 1897, as amended, was included as a part of section 4785 of the Code of 1910, and the whole was adopted. Either of two possible constructions might be placed upon the word "disqualified," as used in that section before the word "provided." The one is to hold that disqualification is used in its strict sense; the other is to hold that, in the light of the history of the legislation and the context of the word, it was intended by the legislature to include disqualification by reason of sickness or incapacity. If the legislative purpose in conferring power upon other officials, in lieu of calling in the ordinary of the adjoining county, was not to destroy his rights when called in, but was to furnish additional facilities and cumulative ability to transact the business of the court in certain emergencies, what reason could be urged for contending that the legislature intended to confer greater power upon the supplemental or additional officers who might act instead of the ordinary of an adjoining county when called in, than upon such ordinary himself? It can hardly be supposed that the legislature, starting out with the right to call in the ordinary of an adjoining county, when adding certain persons who might act in his stead and thereby obviate the necessity of calling him in, intended to confer upon these additional or supplemental persons who might act a greater or broader power than the person who could originally act, and who still retained the power to act

when lawfully called in. Moreover, in the section as it now appears in the Code of 1910, the act of 1897 as amended by that of 1907 is not made an independent declaration, but is added as a proviso. The section as it originally was is left to stand, but there is added, "Provided," etc. Thus we have the power of calling in the ordinary of an adjoining county in certain events, "provided" in certain contingencies certain other officers may act, and in such event "it shall not be necessary for the ordinary to call in the ordinary of the adjoining county." Was it intended, by the proviso which obviated the necessity for calling in the ordinary of an adjoining county to give a more extensive jurisdiction to the persons who might act instead of calling him in, or authorize them to act in events different from those where the ordinary of the adjoining county was called in?

Whatever may be said in regard to the word "disqualified" if standing alone, viewed in the light of the legislation out of which the present section of the code grew, and viewed in the light of the context and the evident legislative purpose evinced, we think the word "disqualified," as used in the expression, "when any ordinary is disqualified to try any case," etc., should be construed as the equivalent of the expression, "is disqualified or from sickness or other causes is incapacitated to act in any cause," as used in the proviso. In State v. Blair, 53 Vt. 24, 29, the Supreme Court of that State, while conceding that the ordinary signification of the expression "legal disqualification" is that it results from some interest in the subject-matter, or relationship to the parties in interest, nevertheless held that those words, as employed in a statute of that State, should be given a construction which would carry out the evident legislative intent of the act then under consideration; and they were accordingly held to include disqualification or inability to proceed with a cause, by reason of sickness, as well as by reason of interest or relationship.

The next and last question is as to the result of applying what has been held above to the facts of the case before us. It appears that in June, 1910, the ordinary of Fulton county became incapacitated from sickness for the discharge of his duties, and that it became necessary for him to leave the State in the effort to recover his health. He left in June, and remained away from the county until in September, 1910. Before leaving he passed an order reciting,

34

that he had become thus incapacitated to discharge the duties of his office for the time being, that there was no county judge, and that it appeared that the judge of the city court of Atlanta would be out of the State until September; and therefore he requested and ordered that the ordinary of the adjoining county of DeKalb assume jurisdiction and discharge the duties of the ordinary of Fulton county until the incapacity should be removed, or until further order of that court. In this interval certain persons applied to be appointed permanent administrators upon an estate. The ordinary of DeKalb county presided in lieu of the ordinary of Fulton county, and granted permanent letters of administration. Subsequently, the ordinary of Fulton county having recovered his health and returned to the jurisdiction, the same persons applied to him to be appointed permanent administrators of the same estate. Upon the hearing he refused the application, on the ground that they had already been appointed permanent administrators by the ordinary of DeKalb county, presiding in his stead, and that they had qualified under such appointment and had not resigned or been discharged, and that their letters had never been revoked. From this judgment an appeal was taken to the superior court. The judge of that court took the same view as the ordinary, and directed the jury to return a verdict against the applicants, and entered judgment accordingly. The applicants excepted. There was no contention that the ordinary of DeKalb county did not regularly preside in Fulton county, or that there was any irregularity or error in the mode of his procedure, except on the single ground, that he was without jurisdiction to preside in the court of ordinary of Fulton county in the circumstances stated, that his grant of permanent letters of administration to the applicants was a mere nullity for that reason, and that therefore they were entitled to be appointed by the ordinary of Fulton county upon his return, without regard to the previous appointment. It is unnecessary to pass upon the right of the ordinary to appoint another to act in his place for any specified time. The order which the ordinary of Fulton county passed operated as a continuing request to the ordinary of DeKalb county to act in cases before his court during his incapacity and absence. There was no controversy that during this time the letters were granted by the ordinary of DeKalb county. We are not now dealing with the first portion of the code

section above quoted; nor is it necessary, in the present case, to make any ruling in regard to the provision there contained as to indorsing the disqualification on the papers in matters of the character there dealt with. We are considering the case before us, which was the grant of permanent letters of administration—a matter appertaining to the court of ordinary. The ruling which we have made above, as to the construction of the quoted section of the code, naturally leads to the conclusion that the letters granted by the ordinary of DeKalb county, presiding for the ordinary of Fulton county, were not a mere nullity, and that the ruling of the ordinary of Fulton county, and of the judge of the superior court, was accordingly right.

*Judgment affirmed.　All the Justices concur.*