## 19431. ROBERSON v. BALKCOM, Warden.

HAWKINS, Justice. 1. Under the common law, which was of force in this State until changed by statute (*Foster* v. *Withrow*, 201 *Ga.* 260, 262, 39 S. E. 2d 466), the return of an indictment by the grand jury was a necessary prerequisite to the jurisdiction of the courts of this State to try a person charged with a felony. *Gordon* v. *State*, 102 *Ga.* 673, 680 (29 S. E. 444), and cases there cited; *Webb* v. *Henlery*, 209 *Ga.* 447 (74 S. E. 2d 7); 42 C. J. S. 850, § 11. By Georgia Laws 1935, p. 116 (Code, Ann., § 27-704), the General Assembly changed the then-existing common law. By this act the court was given jurisdiction to try persons charged with a felony not punishable by death or life imprisonment on an accusation upon the express condition that the defendant waive *"in writing"* an indictment by the grand jury, and that he consent thereto *"in writing."* Thus, a waiver and consent in writing by the accused being a necessary prerequisite to the jurisdiction of the courts of this State to try a person charged with a felony other than a capital felony upon an accusation, the sentences imposed upon the applicant based upon trials had upon accusations for the offenses of burglary, which is a felony (Code § 26-2402), without any waiver and consent in writing by the accused, are void, since the judgment of the court without jurisdiction is void. *Webb* v. *Henlery*, supra, and cases there cited. See also *Cook* v. *Wier*, 185 *Ga.* 418 (195 S. E. 740).

2. It follows from what has been said that the judgment of the trial court in this habeas corpus proceeding, remanding the applicant to the custody of the Warden of the State Prison, is erroneous; but, since it appears from the record that the petitioner has not been lawfully tried, direction is given that he be surrendered to the custody of the Sheriff of Floyd County, Georgia, to be held by him for trial, or until otherwise lawfully released. *Wells* v. *Newton*, 101 *Ga.* 141 (4) (28 S. E. 640).

*Judgment reversed with direction. All the Justices concur, except Wyatt, P. J., not participating.*

SUBMITTED SEPTEMBER 10, 1956—DECIDED OCTOBER 8, 1956.

John Roberson, *pro se.*

*Eugene Cook, Attorney-General, E. Freeman Leverett, Robt. H. Hall, Assistant Attorneys-General, J. Max Cheney, Deputy Assistant Attorney-General,* contra.