## 49567. NELMS v. THE STATE.

EBERHARDT, Presiding Judge.

The defendant was arrested on a charge of burglary, and was being held in jail, apparently unable to post bond. The court appointed counsel for him, who conferred with the defendant, informing him that he was entitled to have his case considered by the Grand Jury and to be tried on an indictment if one should be returned, but that he could waive an indictment and dispose of the case on an information if he so desired. He further advised the defendant of his constitutional rights, and suggested to him that he should not enter a plea of guilty unless he

was in fact guilty and that was his desire in disposing of the case. He indicated that he wished to waive indictment and plead guilty and "get it over with." The court asked questions of the defendant which met the requirements of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274), satisfying the court that the defendant was willingly and intelligently entering the plea and that he knew of the possible results that might flow from that action, and thereupon agreed to accept the plea of guilty.

The defendant and his counsel thereupon signed the following plea, which appeared on the back of the information: "Waive formal arraignment, copy of bill of indictment, list of witnesses sworn before the grand jury, and agree to strike from a panel of————————jurors, and plead————————guilty. This the 4th day of January, 1974."

On the same day the defendant was sentenced to a term of 10 years, and thereafter on January 25, 1974 he moved to withdraw the plea of guilty and to have the sentence set aside as being void, there having been no written waiver of an indictment. After hearing, the motion was denied and defendant appeals. *Held:*

In *Roberson v. Balkcom,* 212 Ga. 603 (94 SE2d 720) it was held that the return of an indictment by the grand jury is a necessary prerequisite to the jurisdiction of the courts of this state to try one charged with a felony, unless under the provisions of Code Ann. § 27-704 the defendant waive in writing an indictment by the grand jury and consent to proceed on the information, and proceeded to hold that there had been no such waiver in that case and thus that the sentence imposed was void.

We have examined the record in that case and it appears that the defendant's counsel informed the defendant on October 29 that he did not have to go to trial without an indictment by the grand jury, since he was charged with a felony, that if he wanted an indictment it would be necessary to await the January Term of court and see whether one would be returned, but that he could waive an indictment and dispose of his case immediately. The defendant thereupon stated to his counsel that he wanted to plead guilty and wished to waive an indictment so that he would not have to remain in jail until the next

grand jury could meet.

Thereupon the defendant's attorney signed for him the following plea, appearing on the back of an accusation prepared against him:

"The defendant waives formal arraignment, copy bill of indictment, list of witnesses sworn before the Grand Jury, and agrees to strike from a panel of————jurors and pleads not guilty."

Upon a jury trial he was convicted and sentenced, and thereafter attacked the sentence by habeas corpus, as appears in *Roberson v. Balkcom,* 212 Ga. 603, supra.

We can see no difference in the waiver in that case and that in the case here. Neither of them amounts to a waiver of the indictment, as the court held in *Roberson.* Consequently, the judgment is reversed.

*Judgment reversed. Deen and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1974 — DECIDED SEPTEMBER 24, 1974.

*Robinson, Harben & Armstrong, Sam S. Harben, Jr., Fay R. Loggins,* for appellant.
*Nat Hancock, District Attorney,* for appellee.