## 29871. BALKCOM v. McDANIEL.

NICHOLS, Chief Justice.

This is an appeal by the respondent warden from an order sustaining the prisoner's writ of habeas corpus. The petitioner pled guilty to an accusation for burglary in Barrow Superior Court and to two accusations for auto theft in Forsyth Superior Court. The prisoner contended that there was no written waiver of indictment and therefore the court did not have jurisdiction to accept the guilty pleas.

The waiver signed by petitioner in Barrow County read: "Waive formal arraignment, copy of indictment, list of witnesses, sworn before the Grand Jury and agree to strike from a panel of ——— Jurors and plead ——— guilty." The Forsyth County waiver read: "The defendant waives formal arraignment, list of witnesses and (jury trial) and pleads ——— guilty."

The attorneys who represented the defendant in these cases, in answers to interrogatories propounded by both the state and defendant, state that they fully explained the meaning of the waivers, his right to be indicted by a grand jury and to be tried by a jury.

1. The court sustained the writ, relying on *Roberson v. Balkcom,* 212 Ga. 603 (94 SE2d 720) and *Nelms v. State,* 132 Ga. App. 689 (209 SE2d 110). In *Roberson* this court had before it a plea of not guilty followed by a jury trial. In the present case we have a plea of guilty after being fully apprised of his rights and a waiver signed by the defendant.

In *Goodwin v. Smith,* 226 Ga. 118, 120 (172 SE2d 661), this court quoted approvingly from Edwards v. United States, 256 F2d 707, 709: " 'It must be realized that this is not a case in which proof of guilt depended upon a trial. In such cases, the accused usually relies to a great extent on counsel to conduct an effective defense, because the accused does not know enough of the law to do so himself. While the accused may have to take the consequen-

ces of a poor defense, he may at least say the fault was not his own. But this is not so when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a laymen should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defense known and unknown. And such is the law.' "

2. "The contention here that a specific written waiver of indictment is required by Code Ann. § 27-704 [Ga. L. 1972, p. 623]'of one pleading guilty to a non-capital felony such as burglary . . . is without basis in the text of the statute." *Walker v. Hopper,* 234 Ga. 123, 126. Thus, we see a great distinction between a plea of guilty and a plea of not guilty. In the case of a plea of not guilty, there is no waiver of any right and it would require a specific written waiver under *Roberson.* In the case of a plea of guilty, such plea would waive any defense known and unknown, and this would include any deficiency in the written waiver required by Code Ann. § 27-704, supra.

The Court of Appeals case of *Nelms v. State,* 132 Ga. App. 689, supra, involved a guilty plea and is specifically disapproved.

*Judgment reversed. All the Justices concur.*

Argued May 12, 1975 — Decided May 20, 1975.

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellant.
*James Bonner, Jr.,* for appellee.

