## A89A1845. PHELPS v. THE STATE.
(390 SE2d 899)

COOPER, Judge.

Appellant was indicted on several counts for aggravated assault, robbery, escape, fleeing or attempting to elude, driving with no license plate, and driving with a suspended license. After a jury trial, appellant was found guilty on all counts, except the aggravated assault count, on which he was found guilty of simple assault.

The evidence adduced at trial authorized the jury to find that all of the charges for which appellant was convicted stemmed from a single incident. The prosecuting officer testified that after stopping the vehicle appellant was driving for a tag violation, appellant, who could not produce a driver's license, gave the officer a name and date of birth which did not match those on file, and upon further questioning about his identity, became very nervous. The officer placed appellant under arrest, and while attempting to get appellant to place his feet in the patrol car, appellant knocked the officer to the ground, grabbed him in a bearhug, and attempted to get his gun. During the struggle, appellant struck the officer, causing his glasses to break, and his vision to blur. Appellant wrestled the gun from the officer, and the officer broke loose and ran away, hearing one shot as he ran, and a sec-

ond shot a few seconds later. After hearing the second shot, the officer heard appellant drive away. Appellant turned himself in to the police the next day, and voluntarily showed the investigating officer where he had thrown the gun.

1. Appellant first contends that the trial court erred in denying his motions for directed verdict and new trial because the offenses of aggravated assault and robbery merged as a matter of fact and law. Appellant relies on OCGA § 16-1-7 (a) (1), which provides that the accused may not be convicted of more than one crime if one crime is included in the other, and § 16-1-6, which provides that a crime is included in another if it is established by the same or less than all the facts required to establish the other crime. A review of the facts in this case reveals that the statutory criteria for a merger of offenses have not been met. Appellant robbed the officer of his gun by wresting it from him, and immediately afterward used the gun to fire two shots as the officer ran away. Although these occurrences happened within a short span of time, the robbery had been completed at the time appellant fired the gun, and involved different actions and intents. Thus, the offenses did not merge as a matter of law. *Millines v. State*, 188 Ga. App. 655 (2) (373 SE2d 838) (1988). Neither do the offenses merge as a matter of fact since the robbery is proved by a different set of facts than those needed to prove the assault. See *Williams v. State*, 184 Ga. App. 480 (2) (361 SE2d 713) (1987). Accordingly, appellant was properly convicted and sentenced for both offenses.

2. Appellant's second enumeration of error is that the trial court erred in not charging the jury on any lesser included offense of robbery. The record reflects that after the court charged the jury, defense counsel stated that he knew of no charge which the court failed to give, and had no exception to any of the charges given. During the court's recharge to the jury on the verdict form as it related to the aggravated assault count of the indictment, the court stated that there were no other counts in which the jury had to consider a lesser included offense. The court specifically asked for exceptions to the charge, and there were none from the defendant. "Where the record does not disclose a request for a charge upon a particular lesser included offense, the failure to give such a charge sua sponte, is not error. [Cit.]" *Young v. State*, 191 Ga. App. 651 (4) (382 SE2d 642) (1989). Under the circumstances, appellant's enumeration of error is without merit.

3. Appellant's third enumeration of error is that the trial court erred in denying his motion for new trial, because his conviction on the robbery count is inconsistent with his conviction of the lesser included offense of simple assault on the aggravated assault count. Appellant's argument erroneously concludes that he was charged with

aggravated assault by committing an assault "with the intent to rob" (OCGA § 16-5-21 (a)). However, the indictment reflects that appellant was indicted for aggravated assault by committing an assault "with a deadly weapon" (OCGA § 16-5-21 (b)). We note at the onset that the inconsistent verdict rule has been abolished in criminal cases in this state." *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986). However, having reviewed appellant's argument we find it to be without merit.

4. In his final enumeration of error, appellant contends that there was insufficient evidence to support the robbery conviction inasmuch as there was no evidence of appellant's intent to commit a theft. Appellant bases his argument on the fact that he discarded the weapon shortly after he took it, and later showed the police where he put the weapon. "[R]egardless of whether appellant intended to take the [gun] and withhold it permanently, his intent to take it for his own temporary use without the owner's authorization evinces an intent to commit a theft." *Smith v. State*, 172 Ga. App. 356 (2) (323 SE2d 257) (1984). The evidence was sufficient to authorize a rational trier of fact to find that appellant was guilty of robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 13, 1990.

*Joseph E. Williams, Jr.*, for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.