## A01A0260. BRACKINS v. THE STATE.
### (549 SE2d 775)

ANDREWS, Presiding Judge.

Eddie Brackins, Jr. appeals pro se from the judgment of conviction entered on jury verdicts finding him guilty of possession of cocaine, felony obstruction of an officer, misdemeanor obstruction of an officer, attempting to elude an officer, reckless driving, and driving without a current license plate.

1. Brackins claims the evidence was insufficient to support the convictions. The State presented testimony from a Cobb County police officer who attempted to stop the car Brackins was driving because the car had a temporary dealer tag rather than the usual State license plate, and the officer believed the car might be stolen.[1] When the officer activated his blue lights and siren, Brackins sped away from the officer at high speeds. In attempting to elude the officer, Brackins drove recklessly on the wrong side of the road and eventually drove into a yard, through a fence, and hit a tree. The pursuing officer saw Brackins exit from the driver's seat and run from the car. A female passenger in the car with Brackins remained at the scene. The officer pursued Brackins on foot catching up to him and ordering him to stop on several occasions, but Brackins started to run again on each occasion. When the officer finally caught Brackins, he resisted and fought with the officer, then ran off again and escaped.

Based on information provided to police by the passenger in the car, the driver was identified as Brackins. During an inventory search of the car, officers found a windbreaker which appeared too large for the female passenger. In one pocket of the windbreaker officers found $1,286 in cash and in the other pocket a bag of suspected cocaine. The substance in the bag later tested positive for cocaine at the State Crime Lab. Three days after Brackins escaped

---

[1] See *Berry v. State,* 248 Ga. App. 874 (547 SE2d 664) (2001), where we ruled that the presence of a dealer tag, standing alone, does not provide reasonable suspicion to stop a car for the purpose of investigating whether the car might be stolen.

from the officer, he was found and arrested by the same officer. While being transported to the police station, Brackins asked the arresting officer what happened to his money. At the trial, the officer who chased and fought with Brackins identified him as the person he saw exit and run from the car.

Reviewed in the light most favorable to the guilty verdict, the evidence was sufficient for the jury to conclude beyond a reasonable doubt that Brackins had constructive possession of the cocaine found with the money in the windbreaker in the car he was driving. OCGA § 16-13-30; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson v. State*, 216 Ga. App. 842, 843-844 (456 SE2d 229) (1995). Evidence that Brackins fled on foot from the officer after being told to stop and violently struggled with the officer was sufficient to sustain the convictions for felony and misdemeanor obstruction. OCGA § 16-10-24 (a), (b). The evidence was also sufficient to prove beyond a reasonable doubt that Brackins was guilty of reckless driving and attempting to elude the officer when he led the officer on a high-speed chase driving on the wrong side of the road and wilfully failed to bring his car to a stop after the officer activated his patrol car's blue lights and siren. OCGA §§ 40-6-390; 40-6-395 (a).

However, the only evidence presented by the State to support the charge of driving the car without a current license plate was testimony by officers that the car had a temporary dealer tag. The State presented no evidence that the tag on the car was not a valid temporary tag issued by a dealer at the time of sale pursuant to OCGA § 40-2-8. Accordingly, the evidence was insufficient to sustain the guilty verdict on this charge, and the conviction for driving without a current license plate must be reversed.

2. Brackins contends he was improperly tried by accusation instead of by indictment in violation of OCGA § 17-7-70.

All of the charges against Brackins in this case, including the two felony charges of possession of cocaine and felony obstruction of the officer, were brought by way of accusation. OCGA § 17-7-70.1 gave the State specific authority to try Brackins by accusation on the charge of possession of cocaine upon a finding of probable cause pursuant to a commitment hearing or Brackins's waiver of the right to this hearing. Since the record shows there was a commitment hearing and a finding of probable cause, the State was authorized to try the cocaine possession charge by accusation. However, OCGA § 17-7-70.1 provides no authority to try a felony obstruction charge by accusation.

In order to try the felony obstruction charge by accusation instead of by grand jury indictment, the State had to comply with the requirements of OCGA § 17-7-70. Pursuant to OCGA § 17-7-70 (a), the State was authorized to try Brackins by accusation on the felony

obstruction charge if Brackins waived indictment by a grand jury in writing. Nothing in the record shows that Brackins, in writing, waived indictment by a grand jury. Since the written waiver by Brackins was a necessary prerequisite to the jurisdiction of the trial court, the conviction for felony obstruction of the officer is void and must be reversed. *Roberson v. Balkcom*, 212 Ga. 603 (94 SE2d 720) (1956).

3. Brackins claims his trial and appellate counsel were ineffective for various reasons, including trial counsel's failure to file a pretrial motion to suppress evidence and the failure of appellate counsel (prior to being discharged by Brackins) to raise this failure as an ineffective trial counsel claim in the trial court.

The record shows that none of these claims of ineffective trial counsel was raised in the trial court even though Brackins's appointed appellate counsel raised various other claims of ineffective trial counsel in an amended motion for new trial which was denied. Less than two weeks after Brackins's appellate counsel filed a notice of appeal, Brackins discharged him and elected to proceed pro se on appeal. Because the claims of ineffective trial counsel raised by Brackins are being raised for the first time on appeal and were not raised at the earliest practicable moment in the trial court in the amended motion for new trial, these claims were waived. *Glover v. State*, 266 Ga. 183, 184 (465 SE2d 659) (1996). Brackins's claim that prior appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in the trial court is ultimately based on the same ineffective trial counsel claims which were waived under *Glover v. State*. Accordingly, this claim was also waived, and any ineffectiveness claim must now be addressed by habeas corpus.

4. Brackins's remaining claims present nothing for appellate review because they were not raised or ruled upon in the trial court (*Knight v. State*, 216 Ga. App. 200, 201 (453 SE2d 798) (1995)), or they were abandoned under Court of Appeals Rule 27 for lack of supporting argument or citations to authority or the record.

*Judgment affirmed in part and reversed in part. Eldridge and Miller, JJ., concur.*

DECIDED JUNE 1, 2001

Eddie Brackins, Jr., *pro se.*

Patrick H. Head, District Attorney, Ann B. Harris, Dana J. Norman, Assistant District Attorneys, for appellee.