## A04A1984. FOREHAND v. THE STATE.
### (606 SE2d 589)

MILLER, Judge.

Convicted of robbery, false imprisonment, and other charges in connection with a botched escape, Lorenzo Forehand appeals on the grounds that the evidence was insufficient to support the verdict and that he was denied effective assistance of counsel. Having found no error, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that Forehand began his attempted escape from the Marion County jail by asking to retrieve some books from outside his cell. When the jailer allowed him to do so, Forehand elbowed the jailer in the stomach, spun him around, and locked him in the cell. Forehand then told the jailer that he had killed two people, and that the jailer would have been the third if he had not let him escape. Forehand tried to unlock the main gate to the cells with a key he had retrieved from the floor, where it had fallen during the scuffle. The deputy on duty saw Forehand at the main gate, pulled his weapon, and told him to stop. Forehand retreated to his cell, released the jailer, and returned his keys to him. The jury found Forehand guilty of robbery, resisting an officer, false imprisonment, and attempted escape. Forehand's motion for new trial was denied, although the court vacated the resisting an officer conviction on the ground that it "merge[d] as a matter of fact with the robbery conviction." On appeal, Forehand asserts that there was insufficient evidence to support the robbery and false imprisonment convictions, and that both trial counsel and appellate counsel were ineffective.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Forehand argues that the evidence does not support his convictions for robbery and false imprisonment. See OCGA §§ 16-8-40 (a) (defining robbery as taking of property from person or immediate presence by force or snatching with intent to steal); 16-5-41 (a)

(defining false imprisonment as confinement of another in violation of personal liberty without legal authority). On the contrary, there was sufficient evidence here that he robbed the jailer of the keys. See *Emmett v. State*, 199 Ga. App. 650, 651 (1) (405 SE2d 707) (1991) (temporary transfer of control or slight change in location enough to prove intent to rob); *Phelps v. State*, 194 Ga. App. 493, 495 (4) (390 SE2d 899) (1990) (intent shown even where defendant soon discards property). The jury apparently chose not to believe Forehand's account that the jailer had agreed to release him from the cell and to pretend that he had been locked in, since they found Forehand guilty of false imprisonment. We will not disturb their resolution of conflicts in the evidence. See *Williams*, supra, 261 Ga. App. at 794.

2. Forehand also argues that he has the right to either a new trial or a remand for an evidentiary hearing because he was denied effective assistance of counsel at both trial and appellate levels. We disagree.

This case's post-trial history is a tortuous one. After obtaining his first appellate counsel, who filed the original motion for new trial, Forehand fired him and filed a motion for new trial on his own behalf, alleging ineffective assistance of both trial and appellate counsel. Second appellate counsel then filed an amended motion for new trial, but did not assert any ineffective assistance claim because she thought it lacked merit. On Forehand's apparent orders, however, second appellate counsel did in fact raise trial counsel's ineffectiveness for the first time at the hearing on the motions. On its own motion, the court added this claim to the motions and proceeded to hear argument, including testimony from Forehand himself, that trial counsel had been ineffective when he failed to obtain the testimony of a potential witness. The court then ordered that a transcript of the hearing be provided to trial counsel, and continued the hearing to a later date so that trial counsel could testify and be subject to cross-examination. Just before the end of the hearing, the judge asked Forehand whether "you've said everything you want to say about this issue?" Forehand responded, "Yes, sir."

At the second hearing on the motions for new trial, trial counsel testified that the testimony of the additional witness was cumulative and that the decision to proceed without him was the product of consultation with his client. After the conclusion of the second hearing, and noting that it had "allowed [Forehand's] verbal argument alleging the ground of ineffective assistance of trial counsel[,] and having heard and considered evidence and argument with respect to said ground," the court at last denied Forehand's motions.

Second appellate counsel filed Forehand's notice of appeal, and eventually filed his brief as well. In it, appellate counsel asserted the new argument that trial counsel had been ineffective in failing to

object to the jailer's testimony, but did not repeat the claim concerning the potential witness, which had been heard and rejected by the trial court. After this brief was filed, Forehand fired second appellate counsel, who withdrew shortly thereafter. Finally, Forehand filed a pro se motion to remand for an evidentiary hearing, arguing that the record was inadequate as to the ineffectiveness of both trial counsel and second appellate counsel.

At various times, Forehand and his post-trial counsel have thus raised four distinct ineffectiveness claims: (a) that trial counsel was ineffective when he failed to obtain the additional witness; (b) that trial counsel was ineffective when he failed to object to the jailer's testimony concerning Forehand's years in jail; (c) that second appellate counsel was ineffective when she failed to raise the issue of trial counsel's ineffectiveness as to the jailer's testimony at the hearings on the motions for new trial; and (d) that second appellate counsel was ineffective when she failed to raise the issue of trial counsel's ineffectiveness as to the additional witness on appeal.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). As the Supreme Court of Georgia has held, *Strickland* also furnishes the standard for evaluating claims that appellate counsel has been ineffective. *Shorter v. Waters*, 275 Ga. 581 (571 SE2d 373) (2002); *Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998).

(a) The trial court took extraordinary measures in this case, including a motion sua sponte, questions from the bench, and a continuance of the hearing on the motions for new trial, to ensure that Forehand's ineffective assistance claims would be heard in full. At the second hearing on the motions for new trial, trial counsel testified that the decision to proceed to trial without obtaining the additional witness was one taken in consultation with Forehand. The trial court heard this and other evidence on the issue before finding that trial counsel's decision to proceed did not amount to ineffective assistance. Having reviewed the record, we hold that the trial court's decision to deny the motions for new trial was not clearly erroneous. See *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986); *Gibbs v. State*, 213 Ga. App. 117, 118 (1) (443 SE2d 708) (1994).

(b), (c) At the conclusion of the first hearing on the motions for new trial, and in response to a direct inquiry from the court, Forehand avowed that he had no further arguments to make concerning ineffective assistance of counsel. He has thus waived any additional arguments on the issue, including both trial counsel's failure to object to the jailer's testimony and second appellate counsel's failure to

assert trial counsel's ineffectiveness as to that testimony. See *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003) (claims of ineffective assistance not made on motion for new trial are waived); *Mullins v. State*, 267 Ga. App. 393, 399 (5) (599 SE2d 340) (2004).

(d) We lack jurisdiction to consider Forehand's claim of ineffective assistance of appellate counsel in the instant appeal because "this Court is a court of review for the correction of errors made by the trial court." (Citation and punctuation omitted.) *Mallon v. State*, 266 Ga. App. 394, 398-399 (597 SE2d 497) (2004). Second appellate counsel was still counsel of record when Forehand's brief was filed in this Court. If Forehand should choose to pursue his claim of ineffective assistance as to this appeal, the only means of doing so is by writ of habeas corpus, "the exclusive post-appeal procedure available to a criminal defendant who asserts the denial of a constitutional right." (Citation omitted.) Id. at 398 (4); see also *Brackins v. State*, 249 Ga. App. 788, 790 (3) (549 SE2d 775) (2001) (pro se defendant has waived ineffectiveness claim not made by appellate counsel, and must proceed under habeas corpus).

The trial court properly denied Forehand's motion for new trial. We likewise deny his motion for remand.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 8, 2004 — 

Lorenzo Forehand, *pro se.*

J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney, for appellee.