A06A1201. ARMSTRONG v. THE STATE.

(635 SE2d 880)

SMITH, Presiding Judge.

Patrick Armstrong appeals the denial of his plea of former jeopardy. He contends that his indictment is barred by an earlier trial because a jury was impaneled and sworn before the prosecution was dismissed. We disagree because the trial court lacked jurisdiction in the absence of an indictment and therefore affirm.

The record shows that Armstrong was charged by accusation with two counts of terroristic threats and acts and two counts of aggravated stalking. The case came on for trial in the superior court, and Armstrong's counsel announced that he was ready to proceed. But as soon as the jury had been sworn, Armstrong's counsel moved to dismiss on the ground that he had not waived in writing his right to indictment by a grand jury under OCGA § 17-7-70 (a). The trial court asked counsel why he had not raised this issue earlier, and counsel responded, "The burden is not on me, Judge. It's on the State. The burden is on the State to proceed as they are required to do and what I did is I let the State proceed. There's no question about that. I knew exactly what I was doing and that's the reason I let the jury get impaneled." The following exchange then took place between counsel and the court:

> The Court: Well, I guess you obviously thought there was some tactical advantage for your client in doing it that way.
> Mr. Perry: Exactly.
> The Court: And what do you think the advantage is?
> Mr. Perry: The advantage is they cannot proceed on this case

and the case cannot go forward now that —
The Court: You think once the issue's been joined, once the jury's been impaneled and sworn that if it can't go forward on the accusation, then it can't be re-indicted —
Mr. Perry: Exactly.
The Court: — or indicted?
Mr. Perry: That's exactly right.[1]

The trial court took the matter under advisement and concluded that under the express terms of OCGA § 17-7-70 it lacked jurisdiction to try Armstrong's case in the absence of a written waiver of indictment. The State offered Armstrong the opportunity to waive indictment and proceed, but Armstrong's counsel stated, "I'll stand on my motion." The trial court then dismissed the jury. The accusation against Armstrong was nol prossed, and he was indicted on the same charges. He then filed his plea of former jeopardy, which the trial court denied. This appeal followed.

"[A] defendant is not placed in jeopardy until, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled, and a jury has been impaneled and sworn. [Cit.]" *Fletcher v. State*, 213 Ga. App. 401, 404 (2) (445 SE2d 279) (1994). OCGA § 16-1-8 (d) provides: "A prosecution is not barred within the meaning of this Code section if: (1) The former prosecution was before a court which lacked jurisdiction over the accused or the crime."

The trial court correctly determined that it lacked jurisdiction to try Armstrong. OCGA § 17-7-70 (a) provides:

> In all felony cases, other than cases involving capital felonies, in which defendants have been bound over to the superior court, are confined in jail or released on bond pending a commitment hearing, or are in jail having waived a commitment hearing, the district attorney shall have authority to prefer accusations, and such defendants shall be tried on such accusations, *provided that defendants going to trial under such accusations shall, in writing, waive indictment by a grand jury.*

(Emphasis supplied.) The crimes with which Armstrong has been charged are not among those enumerated in OCGA § 17-7-70.1 for which prosecution in the superior court may proceed without an indictment and without waiver of indictment in writing. A written

---

[1] We agree with the trial court that this attempted legal maneuver was wasteful of the time and resources of court, counsel, and jurors, and should be deplored.

waiver by Armstrong therefore "was a necessary prerequisite to the jurisdiction of the trial court." *Brackins v. State*, 249 Ga. App. 788, 790 (2) (549 SE2d 775) (2001); see also *Roberson v. Balkcom*, 212 Ga. 603 (1) (94 SE2d 720) (1956).

The superior court lacked jurisdiction over the offense, and the prosecution of the offense before that court is void and without effect. The trial court therefore correctly concluded that Armstrong's prosecution is not barred on the basis of double jeopardy or prior prosecution. OCGA § 16-1-8 (d) (1); see *Rangel v. State*, 217 Ga. App. 152 (456 SE2d 739) (1995).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED AUGUST 25, 2006.

*Michael B. Perry*, for appellant.

*Stephen D. Kelley, District Attorney, Jonathan R. Miller III, Assistant District Attorney*, for appellee.