S08A1852. DENNIS v. PAXTON.

(668 SE2d 258)

THOMPSON, Justice.

This is an appeal by inmate James Dennis from an order of the Superior Court of Forsyth County denying his pre-conviction application for a writ of habeas corpus. Dennis appeals from the court's order and finding no error, we affirm.

Dennis was indicted by a Forsyth County grand jury on charges of identity fraud, first degree forgery and theft by taking. He failed to appear at an October 12, 2006 calendar call despite proper notice having being sent to his last known address. A bench warrant was issued for his arrest. See OCGA § 17-7-90. Dennis was arrested in March 2008 in Florida, and after extradition proceedings, he was returned to Forsyth County where he is incarcerated pending trial on the above charges. In April 2008 Dennis filed an application for writ of habeas corpus challenging the validity of the bench warrant, alleging that he did not receive notice of the October 12, 2006 calendar call and that he waived his right to be present at that hearing. He also argued that his incarceration is improper because the bench warrant was of no force and effect once he appeared in the trial court.

A writ of habeas corpus is not available to one who "is imprisoned under a bench warrant which is regular upon its face." OCGA § 9-14-16 (4). The habeas court found that proper notice directing Dennis to appear at the October 12, 2006 calendar call had been given and that Dennis failed to appear. Pursuant to the bench warrant, Dennis was arrested, returned to Forsyth County and committed to jail. See OCGA § 17-7-90. Accordingly, we agree with the habeas court that the bench warrant is regular on its face and Dennis is in lawful custody. Dennis' appearance on the bench warrant did not render it of no force and effect, see *Wells v. Newton*, 101 Ga. 141, 145 (28 SE 640) (1897), and we find no authority for the proposition that an accused may waive his presence when he is ordered by a court to appear for a calendar call. *Hampton v. State*, 282 Ga. 490, 491-492 (2) (a) (651 SE2d 698) (2007), upon which Dennis relies, addresses the issue of a criminal defendant's authority to waive his right to be present at critical stages of his prosecution, not his authority to disobey court orders.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Penny A. Lane, District Attorney, Edward L. Butler IV, Assistant District Attorney, Jarrard & Davis, Paul J. Dzikowski*, for appellee.