# Court of Appeals
# of the State of Georgia

ATLANTA,  February 27, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1074.  LORENZO FOREHAND v. THE STATE.**

Lorenzo Forehand was convicted of robbery, resisting an officer, false imprisonment, and attempted escape, and those convictions were affirmed on direct appeal. See *Forehand v. State*, 270 Ga. App. 365 (606 SE2d 589) (2004).  In 2019, he filed a Motion to Correct Illegal and Void Sentence, arguing that his sentence is void because the trial court believed it had no discretion to probate part of his sentence.  The trial court denied Forehand's motion, and he filed this appeal.  We lack jurisdiction because Forehand has not raised a colorable void-sentence claim.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a void sentence. Id. And a direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

In this case, Forehand does not contend that his sentence is longer than the law allows. Instead, he contends that the sentencing court improperly constrained its own discretion. This alleged "procedural error does not void the resulting sentence," and Forehand must seek habeas relief to challenge his sentence at this point. See *Brown v. State*, 295 Ga. App. 66, 68 (670 SE2d 867) (2008). Because Forehand has not raised a valid void-sentence claim, this appeal is hereby DISMISSED. See id.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*   02/27/2020  
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



                                , *Clerk.*