## A98A0569. WILLINGHAM v. THE STATE.
(501 SE2d 575)

RUFFIN, Judge.

Alan Willingham appeals from the denial of his motion for discharge and acquittal. In his sole enumeration of error, Willingham asserts that the trial court erred in denying his motion because he filed a speedy trial demand and was not tried within the time required by OCGA § 17-7-170. We disagree and therefore affirm the trial court's judgment.

The record shows that Willingham was indicted for five counts of child molestation during the October 1996 term of the Rockdale County Superior Court. On January 3, 1997, Willingham filed a speedy trial demand and a motion to quash the indictment for failure to specify the dates on which the offenses were committed. On May 8, 1997, the trial court granted Willingham's motion and quashed the indictment. On July 10, 1997, the State reindicted Willingham for the original five child molestation counts and an additional four counts of child molestation. On August 5, 1997, Willingham filed another speedy trial demand and a motion for discharge and acquittal arguing that his first speedy trial demand was still viable and that he was not tried on the five counts in the original indictment

---

within two terms of his first demand.

Willingham's demand for trial and the State's responsibility of ensuring a speedy trial are governed by OCGA § 17-7-170. Under OCGA § 17-7-170 (b), if a person who files a speedy trial demand "is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."

The Superior Court of Rockdale County has four terms of court which commence on the first Monday in January, April, July, and October. OCGA § 15-6-3 (32.1). Willingham acknowledges that no jury was impaneled to try him when he filed his first speedy trial demand on the last day of the October 1996 term. Willingham argues, however, that under OCGA § 17-7-170 (b), he should have been tried on the five counts charged in the original indictment during the January or April 1997 terms even though that indictment was quashed.

The circumstances surrounding Willingham's original demand in this case are analogous to those in *Dean v. State*, 180 Ga. App. 770 (350 SE2d 489) (1986). In *Dean*, as in this case, the defendant filed a speedy trial demand and a motion to quash the indictment. The trial court quashed the indictment, and the defendant was reindicted for the offenses. Thereafter, the defendant, relying on his original trial demand, moved the court for an order of acquittal because he was not tried within two terms of his original speedy trial demand. The trial court denied the motion, and on appeal we affirmed. We based the decision on OCGA § 17-7-170 (a) which "provides, in pertinent part: 'Any person against whom a true bill of indictment . . . is found for an offense not affecting his life may enter a demand for trial *at the court term at which the indictment . . . is found* or at the next succeeding regular court term thereafter. . . .' " (Emphasis in original.) *Dean*, supra at 770. We held that because "appellant made no demand for trial at the court term at which this indictment was found, or at the next succeeding term of court . . ., the trial court did not err in denying appellant's motion for discharge and acquittal." Id.

It is clear from our decision in *Dean* that the defendant's speedy trial demand did not survive the quashing of his indictment. Thus, when an indictment is quashed on the defendant's motion and a defendant is subsequently reindicted, he or she must file a new speedy trial demand and the time limits for trial in OCGA § 17-7-170 (b) run only from the term in which the new demand is filed. Accordingly, because Willingham's first trial demand expired when the trial court quashed his original indictment, the trial court did not err in denying his motion for discharge and acquittal based on that demand.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED APRIL 14, 1998.

*Bill W. Crecelius, Jr.*, for appellant.
*Cheryl F. Custer, District Attorney, Samuel W. Lengen, Assistant District Attorney*, for appellee.