## S04A0460. JOHNSON v. THE STATE.
(598 SE2d 502)

BENHAM, Justice.

This appeal is from Dontate Johnson's convictions for malice murder, armed robbery, and possession of a firearm during commission of a crime.[1] The evidence adduced at trial showed Robert Turner was shot in the chest and head with a .22 caliber pistol, and died.

---

[1] The crimes were committed on November 10, 1998, and Johnson was arrested on November 15, 1998. A Fulton County grand jury indicted Johnson on December 18, 1998, for malice murder, felony murder (armed robbery), felony murder (possession of a firearm by a convicted felon), felony murder (kidnapping), felony murder (aggravated assault), armed robbery, kidnapping, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during commission of a crime. A jury trial conducted March 27-31, 2000, resulted in verdicts of guilty of malice murder, felony murder (armed robbery), felony murder (aggravated assault), armed robbery, aggravated assault, and possession of a firearm during commission of a felony. Johnson was acquitted of the kidnapping charge, and the counts alleging felony murder (possession of a firearm by a convicted felon), felony murder (kidnapping), and possession of a firearm by a convicted felon were dead-docketed. The trial court sentenced Johnson to prison for life for murder, to a consecutive term of 20 years for armed robbery, and to five years in prison for possession of a firearm during commission of a crime, also consecutive to the life sentence. The felony murder convictions were vacated by operation of law upon sentencing for malice murder and the aggravated assault conviction merged with the malice murder conviction as a matter of fact. Johnson's motion for new trial, filed April 28, 2000, and amended March 11, 2003, was denied by an order filed April 25, 2003. Pursuant to a notice

Turner, assisted by Fidel Montoya in remodeling a home, went to his truck for supplies and was robbed of his watch and two rings, then shot in the chest. Montoya heard Turner call his name and turned around to see Johnson pointing a gun at him, with Turner close behind, clutching his chest. Turner grabbed Johnson's arm and Montoya turned to go for help when he heard another shot. Turner had been shot again, this time in the head just behind the right ear. Forensic pathology showed Turner died from the gunshot wound to his chest. Witnesses saw Johnson as he ran away from the crime scene. Cornelius Scott testified Johnson ran past him and said "Man, move, I just shot someone." Scott also testified that prior to the murder, Johnson said he was going to rob someone. Montoya and Scott picked Johnson out of a photographic lineup. Johnson was wearing Turner's watch when arrested at his residence. Johnson's girlfriend gave police officers the clothes Johnson was wearing at the time of the murder and the pawn receipt she received when she pawned Turner's wedding ring. Taken into custody and given his *Miranda* rights, Johnson waived his right to counsel and confessed to murder. At trial, Johnson testified, contradicting the arresting officer's earlier testimony, that he told a detective he had confessed because he received telephone calls in which the caller threatened to harm Johnson's son if he did not say he was involved in the crimes.

1. The evidence adduced at trial was sufficient to authorize a rational trier of fact to find Johnson guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Johnson enumerates as error the trial court's refusal to charge the jury on the defense of accident, arguing the evidence showed the shot to Turner's head did not occur until after Turner grabbed the hand in which Johnson held the gun. However, the evidence established Turner died from the shot to his chest. There being no evidence the fatal shot to Turner's chest was an accident, the trial court did not err in failing to give that charge. *Campbell v. State*, 263 Ga. 824 (3) (440 SE2d 5) (1994).

3. Johnson contends the trial court erred in failing to charge on the included offenses of pointing a pistol at another and involuntary manslaughter. Since there was no request to charge on pointing a pistol at another, the trial court's refusal to charge on that included offense was not error. *Jones v. State*, 272 Ga. 884 (3) (536 SE2d 511) (2000); *Gadson v. State*, 264 Ga. 280 (2) (444 SE2d 305) (1994). "To warrant instructions on involuntary manslaughter . . . there must be

evidence to authorize a determination that death occurred unintentionally from the commission of an unlawful act other than a felony. . . . [Cit.]" *Byrer v. State*, 260 Ga. 484, 486 (3) (397 SE2d 120) (1990). Since the evidence in this case showed Johnson fired the fatal shot in the course of committing armed robbery, there was no evidence death occurred from the commission of a crime less than a felony, and the trial court did not err in refusing to charge on involuntary manslaughter. *Chapman v. State*, 275 Ga. 314 (5) (b) (565 SE2d 442) (2002).

4. After deliberating part of one afternoon and most of the next day, the jury informed the trial court it was divided and could not resolve the deadlock. In response, the trial court gave an *"Allen* charge" in substantially the language of Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.70.70 (3rd ed. 2003). On appeal, Johnson contends the giving of the charge was error because giving the charge was inherently coercive and because the charge was not requested by either party. The decision whether to give an *Allen* charge is within the discretion of the trial court. *Mayfield v. State*, 276 Ga. 324 (2) (b) (578 SE2d 438) (2003). Where, as here, the jury has deliberated for hours and reached an impasse, giving the *Allen* charge is not an abuse of discretion, even when given without request. *Sanders v. State*, 257 Ga. 239 (7) (357 SE2d 66) (1987).

5. In his motion to suppress evidence seized from his home pursuant to a search warrant, Johnson contended, as he does on appeal, the warrant was defective because the affidavit in support of it contained the false statement that witness Scott had seen the shooting. However, the affidavit merely states "[a] witness has identified Donte [sic] Johnson from a photographic lineup as the person who killed Robert Turner." At the hearing on the motion to suppress, the affiant testified she used information from witness Montoya, whom she had already testified also identified Johnson from a photographic lineup as Turner's killer. Thus, Johnson's motion to suppress was based on a factual misapprehension and was properly denied.

6. Finally, Johnson contends the trial court erred in denying his motion to suppress the confession he gave after his arrest. His first ground for suppression is based on the same factual misapprehension on which his argument for suppressing evidence was based, that witness Scott was the source of information regarding Johnson's guilt, and is equally without merit for that reason. His other basis for urging suppression is that he was coerced into confessing by threats from witness Scott. However, at the hearing on Johnson's motion to suppress his statement, the only evidence came from a police officer who testified Johnson was informed of his right against self-incrimination and his right to counsel, he did not appear to be under the influence of alcohol or drugs, and he said nothing about being

coerced. "A trial court's findings as to factual determinations and credibility relating to the admissibility of a defendant's statement will be upheld on appeal unless clearly erroneous. [Cit.]" *DeYoung v. State*, 268 Ga. 780, 789 (8) (493 SE2d 157) (1997). Since the only evidence before the trial court when it ruled Johnson's confession to be voluntary and, therefore, admissible, supported that conclusion, it was not clearly erroneous and must be upheld. *Bright v. State*, 265 Ga. 265 (5) (b) (455 SE2d 37) (1995); *Whitehead v. State*, 258 Ga. App. 271 (1) (c) (574 SE2d 351) (2002).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 2004.

*Elizabeth A. Geoffroy*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.