S04A0917. SMITH v. THE STATE.
(602 SE2d 601)

BENHAM, Justice.

Wendell Harper Smith appeals his convictions for malice murder and concealing the death of another.[1] The evidence adduced at trial authorized the jury to find the following narrative as fact. Smith was involved in a relationship with the mother of the victim, Michael Johnson. After she told Smith that Johnson had not appeared in court in Coffee County and that she would be liable on his bond, Smith and his co-indictee Benway abducted Johnson from a residence in Jeff Davis County, purportedly to take him to authorities in Coffee County. According to Benway, who pled guilty and testified against

---

[1] The crimes were committed on April 12, 2002, and the victim's body was discovered on April 19 of that year. Smith and his co-defendant were arrested on April 22, 2002, and were indicted in Ben Hill County on April 7, 2003, for malice murder, felony murder (false imprisonment), felony murder (aggravated assault), false imprisonment, aggravated assault, and concealing the death of another. A jury trial conducted June 24-25, 2003, resulted in verdicts of guilty on all counts. By an order signed August 19, 2003, and filed September 9, 2003, the trial court sentenced Smith to life imprisonment for murder and to a consecutive term of ten years for concealing the death of another. The remaining counts of the indictment were merged into the murder conviction or were vacated by operation of law. Pursuant to a notice of appeal filed prematurely on July 22, 2003, directing the case to the Court of Appeals, the record was transmitted to the Court of Appeals where it was docketed on January 27, 2004. By order dated February 5, 2004, the Court of Appeals transferred the appeal to this Court where it was docketed on February 9, 2004, and was submitted for decision on the briefs.

Smith, when Johnson resisted, Smith rendered him unconscious by means of a choke-hold. During the trip to deliver Johnson to authorities in Coffee County, Johnson woke and resumed his struggle, but was beaten and choked to unconsciousness again. Smith later told Benway that Johnson was not breathing. Benway was unable to find a pulse or discern breathing, so the men decided to dispose of Johnson's body. They dumped Johnson into a well on property in Ben Hill County owned by one of Smith's relatives and threw debris, including bricks and cement blocks, into the well to hide the body. A medical examiner testified that the cause of death was the combination of a crushed larynx and a crushed chest, and that the most likely explanation for the trauma was the fall into the well and the impact of the debris thrown onto him.

1. The evidence summarized above was sufficient to authorize a rational trier of fact to find Smith guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Smith enumerates as error the trial court's denial of his motion for directed verdict based on his assertion that venue in Ben Hill County was improper.

A criminal homicide is statutorily required to be tried in the county in which the cause of death was inflicted (OCGA § 17-2-2 (c)); however, if it cannot be determined in what county the crime was committed, it is considered, for venue purposes, "to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." OCGA § 17-2-2 (h).

*Turner v. State*, 273 Ga. 340, 343-344 (3) (541 SE2d 641) (2001). Smith based his motion on Benway's testimony and his own statement to the police which was introduced into evidence, in both of which the assertion was made that Johnson died in Jeff Davis County when he was choked to unconsciousness the second time. However, the testimony of the medical examiner was that death was caused by a combination of the crushing of Johnson's larynx and trauma to his chest, most likely caused by the impact of the debris thrown onto Johnson after he was dumped, still living, into the well in Ben Hill County. That testimony being sufficient to permit the jury to find beyond a reasonable doubt that the murder occurred in Ben Hill County and that venue was proper there, denial of Smith's motion for a directed verdict was not error. *Allen v. State*, 277 Ga. 711 (2) (593 SE2d 662) (2004).

3. Finally, Smith contends the trial court erred in admitting into evidence two photos of Johnson taken after he was removed from the

well. One of the photographs showed Johnson's body at the edge of the well from which it was retrieved and the other was used by the medical examiner to illustrate the injuries inflicted on Johnson. Under those circumstances, the photos were relevant and admissible. *Jackson v. State*, 270 Ga. 494 (8) (512 SE2d 241) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*David T. Hobby*, for appellant.

*Denise C. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.