## S07A0883. WILLIAMS v. THE STATE.

(651 SE2d 674)

BENHAM, Justice.

Appellant Robert L. Williams was convicted in the Superior Court of Bibb County of the malice murder of Michael Malone and possession of a firearm during the commission of a crime.[1] On appeal, he contests the sufficiency of the evidence, contends he was denied his constitutional rights to a speedy trial and to effective assistance of counsel, and maintains the trial court erred when it admitted photographs of the deceased victim and when it refused to honor the deliberating jury's request to rehear certain testimony.

1. The State presented evidence that the victim was found dead on a street in east Macon the evening of December 20, 2004. A nearby resident testified she heard gunshots between 5:00-5:30 p.m., and the medical examiner who performed the autopsy testified the victim suffered three gunshot wounds to the head and torso, with the shot to the head fired from a maximum distance of 18 inches. The bullets removed from the victim's body during the autopsy were fired from a 9-mm semi-automatic Ruger pistol. The victim's wife, with whom appellant was having an intimate relationship, testified she saw appellant in possession of a 9-mm Ruger pistol a month before the victim was killed. The victim's wife also testified the victim moved to Macon in November 2004 at appellant's behest, and the victim feared appellant because appellant had paid the victim $500 to kill another man in Macon in November 2004 and the victim had only wounded the target. The victim's wife stated appellant threatened to kill the victim, told her he was tired of taking care of the victim, and asked her to take out insurance on the victim.

Jimmy Lee White testified he, appellant, and the victim traveled together from Macon to Athens to do construction work the day the victim was killed; appellant and the victim had an argument and, when weather prevented the work, appellant bought a car and

---

[1] The victim was killed on December 20, 2004, and the appellant was arrested on December 29, 2004. On March 29, 2005, a Bibb County grand jury returned a true bill of indictment charging appellant with malice murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Appellant's trial commenced on February 6, 2006, and concluded on February 8, 2006, with the jury's return of guilty verdicts on the counts charging malice murder and possession of a firearm during the commission of a crime. The count charging appellant with possession of a firearm by a convicted felon was nol prossed. On February 8, 2006, the trial court filed its sentence of life imprisonment for the malice murder conviction and a consecutive term of five years imprisonment for possession of a firearm during the commission of a crime. Appellant's motion for new trial was timely filed on February 9, 2006, and amended on September 25, 2006. After conducting a hearing on the motion on September 26, the trial court denied the motion on October 25, 2006. The notice of appeal was timely filed on November 6, 2006, and the appeal was docketed in this court on March 1, 2007. Oral arguments were heard July 16, 2007.

directed White to drive it to Macon, leaving appellant and the victim to return to Macon in the car in which the trio had driven to Athens. White testified he saw a car containing appellant and the victim turn on a street near where the victim's body was found.

Appellant's former wife testified appellant told her the night the victim was shot that she was not to speak to police, that the victim had been in Macon for a purpose and was of no more use to appellant, that appellant could not be criminally charged with the victim's murder because the murder weapon had not been recovered, and the authorities would have had to test appellant for gunshot residue in order to prosecute him.

Appellant contends the circumstantial evidence presented by the State was not sufficient to authorize his convictions. However,

> the correct rule for determining the sufficiency of the evidence in convictions based entirely on circumstantial evidence is that questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict is unsupportable as a matter of law.

*Roper v. State*, 263 Ga. 201 (1) (429 SE2d 668) (1993), overruling on other grounds recognized in *Clark v. State*, 271 Ga. 6 (5) (515 SE2d 155) (1999). After reviewing the evidence in the light most favorable to the prosecution, we conclude the evidence was sufficient to authorize a rational trier of fact to find that all reasonable hypotheses save the guilt of the accused had been excluded and to find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Roper v. State*, supra, 263 Ga. at 202.

2. Appellant contends the trial court erred when it denied the deliberating jury's request to rehear certain testimony. During its deliberations, the jury sent a note to the trial court requesting the statements of two investigating detectives who had testified and the testimony of Jimmy Lee White. The trial court notified appellant's trial counsel and counsel for the State of the contents of the note and, in appellant's presence, of the court's proposed response. Upon counsel's agreement with the proposed response, the jury was summoned and was instructed in appellant's presence that they would have to do their collective best to recall the testimony because, in order to avoid giving undue influence to a particular witness's testimony, neither a written statement nor a transcription of a witness's testimony could go out with the jury. After the jury returned to its deliberations, both

defense counsel and counsel for the State informed the trial court they had no objection to the trial court's action. Since counsel affirmatively acquiesced to the action taken by the trial court and did not object at trial, appellant will not be heard to complain of it on appeal. *Smith v. State*, 280 Ga. 161 (2) (625 SE2d 766) (2006).

3. Appellant filed a pre-trial motion to prevent the admission of certain post-mortem photographs of the victim, contending the photos were duplicative and served only to inflame the jury. Appellant objected at trial to the admission of several photographs. Autopsy photos and duplicative photos should be carefully screened for relevancy. *Ramey v. State*, 250 Ga. 455 (1) (298 SE2d 503) (1983). The trial court did not abuse its discretion in admitting the photographs depicting the victim as he was found on a Macon street since, even if duplicative, they were material and relevant as they showed the extent and nature of the victim's wounds. *Smith v. State*, 280 Ga. 490 (2) (629 SE2d 816) (2006). Similarly, pre-incision autopsy photographs of the victim depicting the location and nature of the victim's wounds were admissible because they were relevant and material. *Rucker v. State*, 270 Ga. 431 (4) (510 SE2d 816) (1999). The trial court did not abuse its discretion in admitting the contested photos.

4. Appellant contends he was denied his Sixth Amendment right to a speedy trial by the passage of thirteen months between his arrest and his trial. An accused is guaranteed a speedy trial by the Sixth Amendment to the U. S. Constitution and Art. I, Sec. I, Par. XI (a) of the 1983 Georgia Constitution. In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the U. S. Supreme Court identified four factors (length of delay, reason for delay, the defendant's assertion of his right, and prejudice to the defendant) a court is to consider in determining whether a defendant's right to speedy trial has been violated. A court's engagement in the "difficult and sensitive balancing process" (id., 407 U. S. at 533) involving these factors is contingent upon the defendant having shown that the delay between his arrest and trial is "presumptively prejudicial" since "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Id., 407 U. S. at 530. " '[P]resumptive prejudice' . . . simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992). "[T]he length of delay that [constitutes presumptive prejudice] is necessarily dependent upon the peculiar circumstances of the case. . . . [T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker v. Wingo*, supra, 407 U. S. at 530-531. The "peculiar circumstances" of the present case include that it was a murder prosecution in which defense counsel was removed by the

trial court three days before trial was scheduled to commence. Inasmuch as several murder convictions appealed to this Court recently have featured pre-trial delays of twelve to sixteen months (see *Preston v. State*, 282 Ga. 210 (647 SE2d 260) (2007) (twelve months); *Smith v. State*, 278 Ga. 331 (602 SE2d 601) (2004) (fourteen months); *Johnson v. State*, 278 Ga. 136 (598 SE2d 502) (2004) (sixteen months)), the circumstances of this case warrant a finding that appellant did not carry his burden of establishing that the thirteen-month delay between his arrest and his trial was "presumptively prejudicial." Accordingly, the trial court did not err when it denied appellant's contention that he had been denied his constitutional right to a speedy trial. See *Jackson v. State*, 279 Ga. 449 (3) (614 SE2d 781) (2005); *Wimberly v. State*, 279 Ga. 65 (608 SE2d 625) (2005).

5. Appellant contends he was not afforded effective assistance of counsel at trial.

> To prevail on his claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). Appellant sets out three examples of what he contends is prejudicial deficient performance by trial counsel.

(a) Appellant maintains trial counsel performed deficiently when he failed to object to unspecified testimony. At the hearing on the motion for new trial, appellate counsel questioned trial counsel regarding his failure to object to leading questions and trial counsel testified that, in order to avoid having the jury think the defendant is trying to hide something, he generally does not voice objections when a prosecuting attorney asks leading questions with regard to preliminary matters. On appeal, appellant contends it was error to fail to object to unspecified hearsay testimony. "As a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel." *Wright v. State*, 274 Ga. 730, 732 (2) (b) (559 SE2d 437) (2002). An attorney's decision to forego objecting to hearsay or to leading questions used to establish routine points constitutes reasonable trial strategy. See *Smith v. State*, 275 Ga. 326 (3) (565 SE2d 453) (2002) (hearsay); see *Reynolds v. State*, 269 Ga. App. 268 (2) (603 SE2d 779) (2004) (leading questions); *Coburn v. State*,

252 Ga. App. 315 (4) (a) (555 SE2d 750) (2001) (hearsay). The trial court did not err in concluding trial counsel's performance was not deficient.

(b) Appellant claims trial counsel performed deficiently when he acquiesced in the trial court's refusal to permit the deliberating jury to re-hear the testimony of Jimmy Lee White. See Division 2, supra. Trial counsel testified at the hearing on the motion for new trial that he agreed with the trial court's decision not to permit the jury to re-hear the testimony because he had been satisfied with the testimony as given and the inconsistencies he had brought out on cross-examination; he did not know why the jury wanted to review the testimony; and he was concerned that re-reading the testimony would place undue emphasis on it. In light of trial counsel's reasonable strategy and the trial court's discretion whether to grant a jury's request to re-hear portions of the evidence (*Smith v. State*, supra, 280 Ga. 161 (2)), the trial court did not err in concluding that trial counsel's performance was not deficient.

(c) Appellant contends trial counsel was ineffective when he filed a motion for continuance, thereby waiving appellant's statutory demand for trial. See OCGA § 17-7-171. Trial counsel was appointed to serve as appellant's counsel, replacing counsel who was found to have a conflict of interest three days before the scheduled start of appellant's trial, and was immediately faced with a dilemma — preserve appellant's demand for trial that had been mistakenly filed pursuant to OCGA § 17-7-170 and be unprepared for the upcoming trial, or waive appellant's demand for trial by seeking a continuance in order to prepare for trial. As it is a reasonable strategy for counsel to be prepared for trial, we agree with the trial court that appellant has not shown deficient performance on the part of trial counsel in seeking a continuance.

The trial court did not err when it concluded appellant had not met his burden of proving ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007 —
RECONSIDERATION DENIED OCTOBER 29, 2007.

*Jonathan P. Waters*, for appellant.
*Howard Z. Simms, District Attorney, Myra Y. Hutchinson, Assistant District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.