A07A1982, A07A1983. LAWRENCE v. THE STATE (two cases).
A07A1984. BARBER v. THE STATE.
A07A1985. DAVIS v. THE STATE.
(658 SE2d 144)

JOHNSON, Presiding Judge.

In February 2006, Choici Lawrence, Keith Barber, Latea Davis and others were arrested in Muscogee County for conspiracy to traffic in cocaine. The case was bound over to Muscogee County Superior Court, but an indictment was never returned in that case. Instead, in September 2006, Lawrence, Barber, Davis and others were indicted in neighboring Harris County for trafficking in cocaine. Lawrence moved to quash the indictment on the ground that the Muscogee County case, which was based on the same alleged facts as the Harris County indictment, was still pending. Thereafter, the state dismissed the unindicted Muscogee County case, and the trial court denied Lawrence's motion to quash the Harris County indictment.

---

Lawrence, Barber and Davis all moved to dismiss the indicted Harris County charges, alleging that their constitutional rights to a speedy trial had been violated. The trial court denied the motions. Lawrence, Barber and Davis each appeals from the denial of their motions for discharge and acquittal, and Lawrence also appeals from the denial of his motion to quash. We find no reversible error and thus affirm the judgment of the trial court.

## Case Nos. A07A1982, A07A1984, A07A1985

1. Lawrence, Barber and Davis contend that the trial court erred in denying their motions to dismiss the indictment on the ground that their federal and state constitutional rights to a speedy trial have been violated by the 14-month delay from the time of their arrests in Muscogee County. The contention is without merit.

A speedy trial is guaranteed an accused by the Sixth Amendment to the United States Constitution and also by the Georgia Constitution.[1] These constitutional rights to a speedy trial attach at the time of arrest or when formal charges are brought, whichever is earlier.[2] In determining whether there has been a violation of the constitutional rights to a speedy trial, a court must engage in a difficult and sensitive balancing process involving four factors: length of delay, reason for delay, defendant's assertion of his right, and prejudice to defendant.[3]

However, a court's engagement in this balancing process is contingent on the defendant having first shown that the delay since his arrest is "presumptively prejudicial."[4]

The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. To trigger a speedy trial analysis, an accused must allege that the interval between accusation or arrest and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay, since, by definition, he cannot complain that the government has denied him a speedy trial if it has, in fact,

---

[1] *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).

[2] Id.

[3] *Williams v. State*, 282 Ga. 561, 563 (4) (651 SE2d 674) (2007).

[4] Id.

prosecuted his case with customary promptness. The assumption that a delay is presumptively prejudicial is improper as it can result in unnecessary judicial constitutional analysis.[5]

In the instant case, it appears from the transcript of the speedy trial hearing that the trial court found the alleged 14-month delay had not crossed the threshold from ordinary to presumptively prejudicial delay. In denying the speedy trial motions, the trial court found, "I don't believe the threshold has been reached to throw a case out because of fourteen months, even though that is borderline. There are too many factors, other factors, involved." Assuming, without deciding, that the length of the delay is 14 months as counted from the time of the arrests in Muscogee County, we agree with the trial court that Lawrence, Barber and Davis have failed to show that such a delay is presumptively prejudicial under the circumstances of this case.

There is no bright-line length of delay that is presumptively prejudicial.[6] Rather, "[t]he length of delay that constitutes presumptive prejudice is necessarily dependent upon the peculiar circumstances of the case. The delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."[7] The present case is more akin to a complex conspiracy charge than to an ordinary street crime. The indictment at issue, while not alleging conspiracy, does charge 11 people with the serious offense of trafficking in cocaine. Given the large number of defendants involved, numerous motions have been filed in the case. Moreover, as the appellants have acknowledged in the trial court and in their appellate briefs, there is a massive amount of evidence for discovery, including thousands of documents, thousands of telephone records and hundreds of hours of taped conversations. And as noted by the trial court, there was also a federal investigation of the drug operation going on at the same time as the state investigation.

The peculiar circumstances of this case authorize a finding that it is being prosecuted with the promptness customary for a complex drug trafficking case involving multiple defendants.[8] Since Lawrence, Barber and Davis have not carried their burden of establishing that

---

[5] (Citations and punctuation omitted.) *Wimberly v. State*, 279 Ga. 65, 66 (608 SE2d 625) (2005).

[6] Id.

[7] (Citation and punctuation omitted.) *Williams*, supra.

[8] See *Wimberly*, supra at 67. See also *Williams v. State*, 260 Ga. App. 290 (581 SE2d 326) (2003) (26-month delay in cocaine trafficking case not a denial of constitutional right to speedy trial).

the 14-month delay is presumptively prejudicial, the trial court did not err in finding no denial of speedy trial rights and in denying the motions to dismiss.

### Case No. A07A1983

2. Lawrence argues that the Harris County indictment for trafficking in cocaine is a nullity and must be quashed. Citing *Griffin v. State*,[9] Lawrence reasons that Harris County did not have jurisdiction to indict her since Muscogee County had already acquired exclusive jurisdiction of the case and its prosecution was still pending at the time the Harris County indictment was returned. Lawrence's reliance on *Griffin* is misplaced.

*Griffin* provides:

> Where two or more courts have concurrent jurisdiction of the same offense, the court which first acquires jurisdiction of the prosecution retains it to the exclusion of others while that case is pending, thereby preempting jurisdiction for all offenses originating in the same course of criminal conduct.[10]

Based on that legal provision, the Supreme Court of Georgia held in *Griffin* that the murder count of a Thomas County indictment must be quashed because McIntosh County had previously indicted the same offense and thus held exclusive jurisdiction of such prosecution.[11]

The instant case is materially different from and not controlled by *Griffin* because there was no indictment for the same offense pending in another county at the time that the Harris County indictment was returned.[12] While Lawrence was first arrested in Muscogee County and that case was bound over to superior court, an indictment was never returned in Muscogee County. In the absence of an indictment, the Muscogee County Superior Court lacked jurisdiction of the cocaine trafficking prosecution.[13]

---

[9] 266 Ga. 115 (464 SE2d 371) (1995), disapproved in part on other grounds, *Washington v. State*, 276 Ga. 655, 658 (2) (581 SE2d 518) (2003).

[10] (Citations omitted.) Id. at 115 (1).

[11] Id. at 116.

[12] See *Roberts v. State*, 279 Ga. App. 434, 438 (1) (631 SE2d 480) (2006) (*Griffin* distinguishable and not controlling when no indictment pending at time indictment at issue was filed), overruled in part on other grounds, *DeSouza v. State*, 285 Ga. App. 201, 202, n. 2 (645 SE2d 684) (2007).

[13] *Armstrong v. State*, 281 Ga. App. 297 (635 SE2d 880) (2006) (trial court lacks jurisdiction in the absence of an indictment).

" 'Prosecution' means all legal proceedings by which a person's liability for a crime is determined, *commencing with the return of the indictment* or the filing of the accusation, and including the final disposition of the case upon appeal."[14] Since Muscogee County had not yet commenced its prosecution with the return of an indictment, Harris County was authorized to exercise its jurisdiction by indicting Lawrence for trafficking in cocaine. The trial court therefore did not err in denying Lawrence's motion to quash the indictment.

*Judgment affirmed in all cases. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 5, 2008 —
RECONSIDERATIONS DENIED FEBRUARY 22, 2008 ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇

*Berry, Shelnutt, Day & Hoffman, John M. Shelnutt, David B. Ross, Jennifer E. Dunlap*, for appellants.

*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.

---

[14] (Emphasis supplied.) OCGA § 16-1-3 (14).