## A09A0726. TYNER v. THE STATE.
### (679 SE2d 82)

ADAMS, Judge.

George William Tyner moved for discharge and acquittal and plea in bar on the grounds that he had been denied his right to speedy trial under OCGA § 17-7-170 and the U. S. Constitution. The trial court denied the motion, and Tyner appeals.

Effective May 18, 2007, the terms of court for the Piedmont Circuit including Jackson County became the first Monday in February and August. OCGA § 15-6-3 (32) (C). See also Ga. L. 2007, p. 278, § 1. Tyner was indicted by the Jackson County grand jury on September 11, 2007 on one count of aggravated sexual battery, one count of incest, two counts of child molestation, and one count of cruelty to children. On October 5, he demanded a speedy trial pursuant to OCGA § 17-7-170. On December 14, 2007, he filed a motion to quash the indictment on the grounds that no list of grand jurors was attached to the indictment.

On December 4, 2007, Tyner was reindicted on the same counts because of the technical defect in the first indictment. And on December 14, he reasserted his demand for speedy trial in the new matter. On December 19, 2007, he moved to quash this indictment on the grounds that the indictment did not indicate that it was either a "True Bill" or "No Bill."

As a consequence, on February 13, 2008, Tyner was again indicted on the same charges. He demanded a speedy trial on February 28, 2008 "under the authority of OCGA § 17-7-170." Therein, Tyner demanded that he be tried "at this term of court or the next term of court."

On June 5, 2008, the matter appeared on the trial calendar. The State requested a continuance to the next term on the ground that several witnesses were unavailable to testify, and, as a consequence, Tyner requested a bond reduction. The court denied the request for bond reduction, but the case apparently was continued.

On October 9, 2008, Tyner filed the motion that led to this appeal. On October 17, 2008, the trial court denied the motion. Tyner has been incarcerated since May 21, 2007.

1. Tyner contends the court should have granted his statutory demand for speedy trial under OCGA § 17-7-170. But, although it is the State's burden to show waiver, "(a) defendant may waive his right to automatic discharge under OCGA § 17-7-170 by any affirmative action on his part or on the part of his counsel which results in a continuance of the case to a time outside the period of the demand." (Citation and punctuation omitted.) *Cobb v. State*, 275 Ga. App. 554, 556 (2) (621 SE2d 548) (2005). Here, with regard to the first two indictments, Tyner filed motions to quash. Both motions

constitute affirmative actions by Tyner. Although the motions were never ruled upon, Tyner cannot deny that the motions forced the State to reindict him. And although he asserts that there were jurors ready to hear trials toward the end of the term of court, he has not supported the assertion with any evidence. See, e.g., *Cown v. State*, 259 Ga. App. 8 (576 SE2d 20) (2002).

Thus, we find *Willingham v. State*, 232 Ga. App. 244 (501 SE2d 575) (1998), to be controlling. In that case, the defendant's indictment was quashed four months, and a court term, following his motion to quash. Id. at 244-245. This Court held that the defendant's speedy trial demand did not survive the quashing of his indictment. Id. at 245. See also *Fletcher v. State*, 213 Ga. App. 401, 402 (1) (445 SE2d 279) (1994) (moving to quash the indictments tolled trial demands).

Finally, following the third reindictment, Tyner requested that he be tried within the current or following term, which would include the August term during which he filed the motion that led to this appeal. Accordingly, his latest request for a speedy trial afforded no ground for relief at that time.

2. Tyner also asserts a violation of his right to a speedy trial under the U. S. Constitution. "A trial court's decision regarding a constitutional speedy trial claim will not be reversed absent an abuse of discretion." *Oni v. State*, 285 Ga. App. 342, 343 (2) (646 SE2d 312) (2007).

Under *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), there are four factors to consider:

> (1) the length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right; and (4) the prejudice to the defendant. Standing alone, none of these factors are a necessary, or sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test.

(Citation omitted.) *Layman v. State*, 284 Ga. 83, 84 (663 SE2d 169) (2008). Nevertheless, the court need not consider all four factors unless the length of delay is shown to be presumptively prejudicial based on "the peculiar circumstances of each case." *Smith v. State*, 284 Ga. 17, 19 (2) (663 SE2d 142) (2008). "The delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." (Citations and punctuation omitted.) *Williams v. State*, 282 Ga. 561, 563 (4) (651 SE2d 674) (2007).

In this case, the trial court found that based on the seriousness

of the charges and the 18-month incarceration,[1] Tyner had not been deprived of his right to a speedy trial. But there is nothing in the record to show that the case was being handled with "customary promptness" for a case of this type. See *Smith*, 284 Ga. at 19 (2). Compare *Lawrence v. State*, 289 Ga. App. 698, 700-701 (1) (658 SE2d 144) (2008) (14-month delay in complex drug trafficking case involving multiple defendants was not presumptively prejudicial). Therefore, "we deem the delay in this case as presumptively prejudicial and examine the *Barker* factors." *Smith*, 284 Ga. at 19 (2).

In this case, we have a 17-month delay. The reasons for delay include Tyner's two motions to quash, which caused about five months of the delay. The unavailability of State witnesses weighs against the State. But there is no other indication that the State has sought to delay the case. On the third factor, Tyner timely asserted his right to a speedy trial on three occasions, which weighs in his favor.

Finally, as for prejudice, there are "three interests the right to speedy trial was designed to protect: the prevention of oppressive pre-trial incarceration; the minimization of the defendant's anxiety and concern; and, most importantly, the limitation of the possibility the defense will be impaired." *Smith*, 284 Ga. at 20 (2). At the hearing on the motion, Tyner did not present any information to show prejudice except that counsel stated that the *Barker v. Wingo* factors were laid out in his motion to the court. In the motion, Tyner alleged that the delay had been "extremely prejudicial," but no factual assertions to that effect were made. Thus, Tyner did not place any information before the trial court to show prejudice resulting from the delay.

Even balancing the *Barker v. Wingo* factors in this case shows that the trial court did not abuse its discretion by denying Tyner's constitutional speedy trial claim.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED MAY 19, 2009.

*Donna A. Seagraves, Barry E. King*, for appellant.
*Richard K. Bridgeman, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[1] By our calculation, the delay from the beginning of incarceration to Tyner's motion was less than 17 months.