**FOURTH DIVISION**
**MCFADDEN, C.J.,**
**DOYLE, P.J., and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 30, 2019**

# In the Court of Appeals of Georgia

A19A1227. ARNOLD v. THE STATE.

COOMER, Judge.

Kenneth Antwan Arnold was indicted in May 2016 in Clayton County for the July 3, 2015 attempted rape, kidnapping , false imprisonment, aggravated assault, and family violence battery against the victim, D.C. Arnold entered a negotiated plea agreement in October 2016 and pleaded guilty to family violence battery, disorderly conduct (reduced from false imprisonment), and family violence simple assault (reduced from aggravated assault). The State nolle prossed the attempted rape and kidnapping charges and the trial court imposed a total sentence of 3 years on probation. Subsequently, on June 23, 2017, a Fulton County grand jury indicted Arnold for kidnapping, attempted rape, and false imprisonment based on acts Arnold allegedly committed against the same victim in Fulton County also on July 3, 2015.

Arnold filed a plea in bar and motion to dismiss the Fulton County charges on the grounds that they are barred by the constitutional prohibitions on double jeopardy and OCGA § 16-1-8, claiming the charges in the Clayton County case were based on the same material facts.

Following a hearing on the motion, the trial court denied Arnold's plea in bar and motion to dismiss on the grounds that "prosecution for the kidnapping and the distinct false imprisonment incident which occurred in Fulton [County] are not barred by OCGA § 16-1-7 because those crimes and the crimes to which the defendant pled in Clayton County were not 'within the jurisdiction of a single court.'" The trial court further held that "prosecution for the kidnapping and the distinct false imprisonment incident which occurred in Fulton [County] are not barred by OCGA § 16-1-8 because the former prosecution in Clayton [County] neither 'resulted in either a conviction or an acquittal' nor 'was terminated improperly . . . after a plea of guilty was accepted by the court.'" The trial court concluded that the nolle prossed charges did "not operate as a double jeopardy bar to the subsequent prosecution of the charge in another court."

Arnold subsequently filed a motion for reconsideration, which the trial court denied following a second hearing, during which additional evidence was introduced.

The trial court certified for immediate review the order denying the motion for reconsideration, and this Court granted Arnold's application for interlocutory appeal.

In his sole enumeration, Arnold contends the trial court erred in denying his plea in bar and motion to dismiss based on double jeopardy where the same charges, arising out of the same incident, were nolle prossed by a court of the same state as part of a plea agreement. The enumeration conflates two distinct theories of law: double jeopardy as a bar to subsequent prosecution and a negotiated plea agreement as a bar to subsequent prosecution. While the trial court correctly held that double jeopardy does not bar Arnold's Fulton County prosecution, the subsequent prosecution is barred by the consumated plea agreement between the state and Arnold. Therefore, we reverse the order denying Arnold's motion to dismiss.

On appeal from the denial of a plea in bar and motion to dismiss, this Court reviews the trial court's factual findings for clear error, but "independently examines the trial court's conclusions of law de novo." *Millsaps v. State*, 341 Ga. App. 337, 337 (801 SE2d 63) (2017) (citation and punctuation omitted). So viewed, during the initial February 13, 2018 hearing on the plea in bar, the State – via a Fulton County ADA – informed the trial court that the charges against Arnold arose out of a set of facts "that started in Fulton County and ended in Clayton County." The ADA stated

3

that her office intended to nolle prosse the attempted rape charge because her office does not have jurisdiction over that charge, which is based on acts that did not occur in Fulton County. The ADA further asserted that it was proper to prosecute the kidnapping charge in Fulton County because that charge had been nolle prossed in Clayton County. In that vein, the ADA suggested (without explicitly asserting) that the abduction underlying the kidnapping charge was completed in Fulton County. Finally, the ADA contended that it was proper to prosecute the false-imprisonment charge in Fulton County because that charge pertained to an act that occurred at a restaurant in Fulton County, whereas the Clayton County false-imprisonment charge was premised on a separate act that occurred at a residence in Clayton County. At the conclusion of the February 13 hearing, the trial court and the parties agreed to a continuance to allow additional briefing and evidence to be presented. Nevertheless, for reasons that are not entirely clear on the current record, the trial court issued an order on March 8, 2018, denying the plea in bar and motion to dismiss.

Several months later, Arnold filed a motion for reconsideration of the March 8 order. The trial court held a hearing on the motion, during which it heard the testimony of Tessie Edwards, who had represented Arnold in the Clayton County prosecution. Edwards testified that, due to inconsistencies in the victim's account, the

4

parties "decided to resolve the [Clayton County] case with a dismissal of the kidnapping, . . . the criminal attempt to commit a rape, and all the other charges, and reduced it to the misdemeanor charges." When asked to expand on the agreement, Edwards responded, "It was an overall resolution. At no time was it pieced apart during our pretrials that we would not resolve this case because Fulton County had some jurisdiction over a portion and Clayton County had a portion of it. We considered the rape, the kidnapping, the false imprisonment, every count in this resolution." Edwards further testified that it was the understanding of both parties in the Clayton County case that either county could have exercised jurisdiction over the kidnapping, which occurred while the victim was in a moving car.

In its order denying the motion for reconsideration, the trial court concluded, in relevant part, that "a nolle prosse of a charge by one sovereign, even if in the context of a plea to other charges in the same indictment," does not bar a "separate sovereign from proceeding on that charge." In that vein, the trial court ruled that Clayton County, "being a separate sovereign" from Fulton County, "has no power or authority to bind Fulton [County] to act or refrain from acting to prosecute the kidnapping over which [each county] had concurrent jurisdiction," and that once Clayton County nolle prossed the kidnapping charge, Fulton County was free to

prosecute it. The trial court's ruling is premised, at least in part, on a mistaken determination that two counties prosecuting crimes in the same state are "separate sovereigns." Our Supreme Court has held that "[w]here two or more courts have concurrent jurisdiction of the same offense, the court which first acquires jurisdiction of the prosecution retains it to the exclusion of others while that case is pending, thereby preempting jurisdiction for all offenses originating in the same course of criminal conduct." *Griffin v. State*, 266 Ga. 115, 115 (1) (464 SE2d 371) (1995), disapproved in part on other grounds by *Washington v. State*, 276 Ga. 655, 657-658 (2) (581 SE2d 518) (2003).

The trial court correctly found that Arnold's subsequent prosecution for kidnapping was not barred by double jeopardy because there had been no conviction or acquittal in the former prosecution of that charge. OCGA § 16-1-8 (b) (1) provides, in pertinent part, that a

> prosecution is barred if the accused was formerly prosecuted for a different crime . . . [and] such former prosecution . . . [r]esulted in either a conviction or an acquittal and the subsequent prosecution . . . is for a crime with which the accused should have been charged on the former prosecution[.]

6

*Hantz v. State*, 337 Ga. App. 675, 677-678 (788 SE2d 567) (2016) (emphasis omitted). The word "[p]rosecution means all legal proceedings by which a person's liability for a crime is determined, commencing with the return of the indictment or the filing of the accusation, and including the final disposition of the case upon appeal." *Lawrence v. State*, 289 Ga. App. 698, 702 (2) (658 SE2d 144) (2008) (footnote omitted). "As expressly defined in the criminal Code, a conviction includes a final judgment of conviction entered . . . upon a plea of guilty." *Dorsey v. State*, 259 Ga. App. 254, 256 (576 SE2d 637) (2003) (citation and punctuation omitted). "Prosecutions of the same defendant in different counties of the same state must be viewed as acts of a single sovereign under the Double Jeopardy Clause. Therefore, the State as one sovereign may not circumvent the clear rule barring it from proceeding in one county by simply reindicting [a defendant] in another." *Griffin*, 266 Ga. at 116-117 (1) (citations and punctuation omitted). See also *King v. State*, 300 Ga. 180, 181 (1) (794 SE2d 110) (2016) ("Nolle prosequi does not adjudicate innocence or guilt unless the accused has been placed in jeopardy."(citation omitted)).

While the State was not barred from reindicting Arnold on statutory double jeopardy grounds, it was barred from reindicting Arnold based on its prior agreement with him. It is well established in Georgia that "[t]he end result of a negotiated plea

7

agreement is, in essence, a contract between a defendant and the State. As such, in many circumstances it is appropriate to view the final negotiated plea agreement as a package deal, the terms of which should not be treated in isolation from one another but rather as a cohesive whole." *Clue v. State*, 273 Ga. App. 672, 674-675 (615 SE2d 800) (2005) (citations and punctuation omitted). This principle is rendered meaningless if the State may circumvent any such prohibition by reindicting Arnold for kidnapping and false imprisonment in Fulton County simply because, on the current factual posture of this case, that charge apparently could have been brought in either county. See OCGA § 17-2-2 (a) (criminal actions generally "shall be tried in the county where the crime was committed"), (e) ("If a crime is committed upon any . . . vehicle . . . traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the . . . vehicle . . . has traveled.").

Once Clayton County initiated the prosecution of Arnold for his course of conduct occurring on July 3, 2015, it had jurisdiction of the prosecution to the exclusion of all other counties of the State of Georgia. The Clayton County District Attorney alone was vested with the power of the State to prosecute, to communicate,

8

and to negotiate a resolution of the prosecution with Arnold for all the offenses arising from his course of criminal conduct at issue in this appeal. See Ga. Const. of 1983, Art. VI, Sec. VIII, Par. I (d). As the State's sole representative in the matter, the Clayton County prosecutor negotiated a universal resolution of the charges against Arnold arising from his criminal conduct on July 3, 2015. The resolution, agreed to by the State and Arnold and approved by the Clayton County Superior Court, was binding on both parties. See *City of Baldwin v. Barrett*, 265 Ga. 489, 490 (458 SE2d 619) (1995) ("It is well settled that a plea bargain agreement is a contract under Georgia law which binds both the prosecutor and defendant." (footnote omitted). In this regard, the Clayton County prosecutor bound the State of Georgia to the agreement and barred all other subdivisions of the State from future prosecutions arising out of Arnold's criminal conduct on July 3, 2015.

Additionally, with respect to the false imprisonment charge in Fulton County, we disagree with the trial court that the prosecution for false imprisonment in Fulton County is "distinct" from those crimes to which Arnold pled in Clayton County so as not to be barred by OCGA § 16-1-7. For the charge of false imprisonment, the Fulton County indictment states that Arnold committed the offense of false imprisonment in the County of Fulton when he "on the 3rd day of July, 2015, did unlawfully detain

9

[the victim], without legal authority and in violation of the personal liberty of said [the victim]." The Clayton County indictment charged that Arnold committed the offense of false imprisonment when he "on or about the 3rd day of July, 2015, in violation of the personal liberty of [the victim], did unlawfully detain [the victim] without legal authority." At the hearing on Arnold's double jeopardy motion to dismiss, the Fulton County prosecutor argued the following:

> The false imprisonment [count] arguably occurs in multiple times throughout the course of this. There is a false imprisonment at the beginning where the kidnapping begins. This involves a car, being in a car, being moved against the victim's will. . . . So at trial, we would be able to prove that the false imprisonment is within our jurisdiction.

By the Fulton County prosecutor's own statement, the false imprisonment charge came about as a result of the initial kidnapping of the victim from the parking lot of a business located in Fulton County. By crossing the county line into Clayton County, a new crime was not committed against the victim, but was a continuation of a crime that had begun in Fulton County. We fail to discern a distinction between Arnold's actions in this respect to warrant the separate prosecution arising out of the same incident for which Arnold negotiated a plea deal.

10

We are mindful that the State must punish defendants who engage in multi-county crime sprees, and that this may entail prosecutions being brought in more than one county. However, prosecutors must be careful to prosecute these defendants for separate crimes arising from the same criminal episode in a manner that avoids violating the Double Jeopardy Clause, and this may require coordination of their efforts. It behooves prosecutors in multi-county crime spree cases to coordinate local prosecutorial efforts with prosecutors of other counties to best protect the interests of the citizens of Georgia and to insure that an accused's right to fundamental fairness within the judicial system not be abused.

*Perkinson v. State*, 273 Ga. 491, 496 (1) (542 SE2d 92) (2001) (citations and punctuation omitted). Accordingly, for these reasons we find that the Fulton County prosecution for kidnapping and false imprisonment is barred by the State's agreement with the accused to enter a nolle prosequi of the charges against him in exchange for his agreement to plead guilty to other charges.

*Judgment reversed. McFadden, C.J., and Doyle, P. J.,concur.*

11